## 47172. WOOD v. THE STATE.

QUILLIAN, Judge. The defendant was tried and convicted of theft by receiving stolen property. An appeal was filed and the case is here for review. *Held:*

1. The defendant filed a motion to suppress certain evidence that was obtained by a search warrant. The affidavit which was presented to the magistrate to obtain the search warrant stated: "The probable cause on which the belief of the affiant is based as follows: Received information from a reliable informer who has been reliable in the past, which resulted in the arrest of James Conley, Avert Wayne Huey, and Leonard Saunders, and Ronnie W. Fenton. The informer stated last week that he had seen a large number of firearms at the residence of Leonard Wood, located at 2345 Cherry Blossom Dr., SW, Atlanta, Fulton County, Georgia. In addition to the above listed items he observed other items which he felt were stolen, and were stated to the informer that said firearms were stolen."

The appellant contends that the affidavit was not sufficient to show probable cause because it does not contain sufficient corroborative information to enable the magistrate to make a determination that a crime had been committed. The appellant's contention has merit.

While the affidavit may have been sufficient to show that

the informant was reliable, the basis for his information is lacking. The affidavit states that the informer saw a large number of firearms in the defendant's residence. Had the firearms been contraband this would have been sufficient; however, it is no violation per se of the law to have firearms in one's residence. The affidavit further states that the informer "felt" other items he saw there were stolen. This was a mere conclusion without any facts upon which this opinion was based. The affidavit further states that the informer was told the firearms were stolen. But the affidavit is silent as to who stated to the informer that the firearms had been stolen. Therefore, the affidavit did not contain sufficient facts upon which a determination of the existence of probable cause for the issuance of the search warrant could be made. "But whether by recitals in the affidavit or by an independent showing before the magistrate, the facts must be such as to lead a man of prudence and caution to believe that the offense has been committed. Grau v. U. S., 287 U. S. 124 (53 SC 38, 77 LE 212). Mere speculation, conjecture or opinion is not enough. Nor is mere rumor. Elardo v. State, 164 Miss. 628 (145 S 615). '[P]robable cause means . . . reasonable grounds, and is that apparent state of facts which seems to exist after reasonable and proper inquiry.' Coleman v. Allen, 79 Ga. 637 (1) (5 SE 204, 11 ASR 449). And, as was held in Smoot v. State, 160 Ga. 744, supra, the determination as to whether there is probable cause is not to be made by one who applies for issuance of the warrant; it must be made by the magistrate from a consideration of the facts submitted under oath. It must exist before the search is made, and cannot be supplied by after discovered facts." Johnson v. State, 111 Ga. App. 298, 303 (141 SE2d 574). See Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723); Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637).

Under the above authorities we are constrained to hold that the overruling of the motion to suppress was error.

2. The remaining enumerations of error are without merit.

*Judgment reversed. Hall, P. J., and Pannell, J., concur.*
ARGUED MAY 4, 1972—DECIDED JUNE 9, 1972.

*Garland & Garland, Reuben A. Garland, Beverly Agee,* for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Joel M. Feldman, James H. Mobley, Jr.,* for appellee.