## 58348. THE STATE v. JOHNSON.

BANKE, Judge.

This is an appeal by the state from an order sustaining defendant's motion to suppress evidence seized during a search of her pocketbook.

During the course of an investigation of a series of vending machine thefts, police arrested the defendant's husband, who had been implicated in the thefts by an informant. He was charged with driving without a license. The defendant and her infant child were present at the time of the arrest. With her husband in custody, the defendant prepared to leave with the baby when it was

discovered that their truck would not start. Defendant then was provided a ride to the police station in a patrol car as an accommodation to her and the child since it was late at night. She was required by the deputy to hand over her purse to him as a security measure while she rode in the back seat. The deputy testified that the purse "was extremely heavy," and that he "could feel metal in the bottom . . ." He also testified that he believed the metal was "either a weapon or the keys [to the vending machines] we hoped we would find." About one-half hour after arriving at the police station, the purse was opened and the keys removed. Defendant was waiting at the police station for a ride when her purse was searched.
*Held:*

The state concedes in its argument that the search was conducted without warrant or consent and that it was neither incident to arrest nor an inventory search. It contends, however, that there was probable cause for the search and that it was justified by exigent circumstances. " 'Probable cause means . . . reasonable grounds, and is that apparent state of facts which seems to exist after reasonable and proper inquiry.' " *Wood v. State,* 126 Ga. App. 423, 424 (190 SE2d 828) (1972). Here, the officer's testimony reveals suspicion rather than probable cause, and a complete absence of exigent circumstances. Indeed, when asked why he had not obtained a warrant, the deputy sheriff conceded the absence of probable cause by replying, "On what grounds?" It was not error to grant the motion to suppress.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

Submitted September 24, 1979 — Decided October 17, 1979 — Rehearing denied November 1, 1979 —

*Frank C. Mills, III, District Attorney, Rafe Banks, III, Assistant District Attorney,* for appellant.
*Jane K. Plaginos,* for appellee.