A08A1577. HANDLEY v. THE STATE.
(668 SE2d 855)

BARNES, Chief Judge.

After the grant of her petition for an interlocutory appeal, Michele Handley appeals the trial court's denial of her motion to suppress following her arrest for driving under the influence of alcohol. Handley contends that the trial court erred by denying her motion to suppress evidence of the breath test she took at the police station because the deputy lacked probable cause to arrest her for driving under the influence. For the reasons stated below, we reverse.

"In considering an appeal from denial of a motion to suppress, this Court construes the evidence in favor of the trial court's ruling, and we review de novo the trial court's application of the law to undisputed facts." (Citation omitted.) *Smith v. State*, 262 Ga. App. 614, 615 (585 SE2d 888) (2003).

The facts in this case are undisputed and no witness credibility issues exist. The evidence established that the arresting officer first

saw Handley and her companion, both of whom he knew, walking to their car in a shopping center parking lot. As Handley drove away, the officer saw that the car had no license tag, so he initiated a traffic stop solely on that basis. He observed nothing unusual about Handley's driving. When he asked Handley for her driver's license, bill of sale, and proof of insurance, the deputy smelled alcohol on her breath and asked if she had been drinking. She initially said no, but when the deputy asked her to submit to an alco-sensor breath test, she acknowledged she had been drinking "earlier that day." Handley did not produce a driver's license, and the alco-sensor tested positive for the presence of alcohol.

The deputy performed no other field sobriety evaluations, and testified to no manifestations of intoxication other than the smell of alcohol, the positive alco-sensor test, and Handley's admission to drinking earlier. Nonetheless, he arrested Handley for driving under the influence. After handcuffing her and placing her in the back of his patrol car, Handley consented to a state breath test. The officer took her to the jail and administered a breath test on an Intoxilyzer 5000. That test established that Handley's blood-alcohol level exceeded the legal limit.[1]

Handley moved to suppress evidence resulting from the Intoxilyzer 5000 test and from the alco-sensor test, as well as her admission she had been drinking. The trial court denied the motion, and on appeal, Handley argues that the trial court erred in denying her motion because the officer had no probable cause to arrest her, and therefore any fruits of that unlawful arrest were inadmissible.

> The probable cause needed to conduct an arrest for DUI requires that the officer have knowledge or reasonably trustworthy information that a suspect was actually in physical control of a moving vehicle, while under the influence of alcohol to a degree which renders him incapable of driving safely. Mere presence of alcohol is not the issue.

(Punctuation and footnotes omitted.) *State v. Sanders*, 274 Ga. App. 393, 396 (617 SE2d 633) (2005).

> [E]vidence which shows *only* that a defendant had alcohol in her body while driving provides insufficient probable cause to arrest for DUI. Impaired driving ability depends solely upon an individual's response to alcohol. Because individual responses to alcohol vary, the presence of alcohol,

---

[1] Although the test printout includes a notation that Handley's eyes were bloodshot and she had a "very strong" odor of alcohol, the deputy did not testify about these facts.

238

> in a defendant's body, by itself, does not support an inference that the defendant was an impaired driver.

(Punctuation, footnotes and emphasis omitted and in original.) *State v. Ellison*, 271 Ga. App. 898, 901-902 (3) (b) (611 SE2d 129) (2005). Moreover, "it has been repeatedly held by this Court that the presence or odor of alcohol on a driver's breath does not, by itself, support an inference that the driver was impaired." *Slayton v. State*, 281 Ga. App. 650, 652 (1) (637 SE2d 67) (2006). Likewise, "a positive alco-sensor result shows only the presence of alcohol, not that the driver is intoxicated and it is less safe for him to drive." Id.

Here, the State offered no evidence showing that Handley's driving ability was impaired due to alcohol consumption. The deputy testified that he noticed nothing remarkable about Handley's driving. The State presented no evidence showing that Handley's speech was slurred, her gait was unsteady, or her eyes were bloodshot, watery, or glassy, and the deputy conducted no field sobriety tests. The only evidence offered was that the officer smelled alcohol on Handley's breath, the alco-sensor test revealed the presence of alcohol, and Handley admitted that she had been drinking "earlier in the day." This evidence is insufficient as a matter of law to constitute probable cause to arrest Handley for driving under the influence. See *Ojemuyiwa v. State*, 285 Ga. App. 617, 620 (2) (647 SE2d 598) (2007); *State v. Gray*, 267 Ga. App. 753, 755 (2) (600 SE2d 626) (2004).

The cases cited by the State are distinguishable because in those the trial court made factual findings and credibility determinations favoring the State. See *Lenhardt v. State*, 271 Ga. App. 453 (1) (610 SE2d 86) (2005) (officer noted at arrest scene that driver's eyes were " 'bloodshot red and kind of glossy' "); *Cann-Hanson v. State*, 223 Ga. App. 690 (478 SE2d 460) (1996) (officer noted defendant's eyes were bloodshot and watery, and tried unsuccessfully to perform field sobriety tests).

Further, the State contends that *Gray* and *Ellison* are distinguishable because in those cases this court affirmed the trial courts' resolution of credibility determinations in defendants' favor. It is true that in *Gray*, "our standard of review required us to defer to the trial court's findings of fact and witness credibility." (Citation omitted.) *Schlanger v. State*, 290 Ga. App. 407, 409 (1) (659 SE2d 823) (2008). But the trial court found the only credible evidence in *Gray* was the odor of alcohol, the defendant's admission she drank alcohol, and positive alco-sensor results. In this case, the only evidence the State presented is the evidence found insufficient in *Gray*: the odor of alcohol, the defendant's admission, and positive alco-sensor results. Similarly, the trial court in *Ellison* found that credible evidence that the defendant smelled of alcohol, had blood-

shot eyes, and would not perform field sobriety tests was insufficient to constitute probable cause for a driving under the influence arrest.

Because the evidence presented by the State does not establish sufficient probable cause to arrest Handley for driving under the influence, the trial court erred in denying her motion to suppress.

*Judgment reversed. Johnson, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 24, 2008.

*Benjamin A. Pearlman*, for appellant.

*Kenneth W. Mauldin, District Attorney, Brian V. Patterson, Assistant District Attorney*, for appellee.