## A10A0274. THE STATE v. DAMATO.

(690 SE2d 478)

JOHNSON, Presiding Judge.

In this case, the state appeals the trial court's order finding the officer did not have probable cause to arrest Maria Damato and granting Damato's motion to suppress the result of a state-administered breath test. Because we find no error, we affirm the trial court's order.

When reviewing a trial court's order on a motion to suppress, we must construe the evidence most favorably to uphold the findings and judgment of the trial court, and we review de novo the trial court's application of the law to undisputed facts.[1] Moreover, the trial court's decisions with regard to questions of fact and credibility must be accepted unless they are clearly erroneous, and we will not disturb these decisions if there is any evidence to support them.[2]

Viewed in that light, the evidence shows that an officer responded to an accident call at approximately 4:00 a.m. on October 22, 2008. When he arrived at the scene, Damato, who was still in the car, stated that she had struck a deer that ran in front of her car. Neither she nor her passenger were injured. The officer smelled a strong odor of alcohol coming from within the car, and he noticed that Damato's eyes were bloodshot and her skin was "slightly paled." Damato initially denied having any alcoholic beverages, but then admitted she and her passenger were on their way back from a concert where she had consumed a "couple of drinks early that evening."

The officer testified that he wanted to perform field sobriety evaluations, but was not able to do so due to the early morning rush hour traffic. Instead, he had Damato exit the car and asked her if she would submit to an alco-sensor test to determine the presence of alcohol. The officer testified that at this point he determined that the odor of alcohol was coming from Damato because he continued to smell it after Damato was away from the car and her passenger. Damato agreed and tested positive for alcohol. According to the officer, he had used the alco-sensor device "more than twice" before that night. The officer responded positively when asked if the manifestations he observed in Damato were consistent with someone who had been drinking alcohol and with someone under the influence of alcohol. He also responded positively when asked whether he believed Damato was a less safe driver that morning due to her alcohol intake.

Damato moved to suppress the alco-sensor test result, arguing

---

[1] *Handley v. State*, 294 Ga. App. 236 (668 SE2d 855) (2008).

[2] See *State v. Ellison*, 271 Ga. App. 898 (1) (611 SE2d 129) (2005).

that the state did not have probable cause to arrest her. The trial court agreed: "The admission of drinking and a positive Alco-Sensor are not sufficient under the law for probable cause for arrest." In its order, the trial court noted that the state "failed to present any evidence showing that the defendant's driving ability was impaired due to consumption of alcohol, and evidence which shows only the presence of alcohol in a defendant's body is insufficient as a matter of law to constitute probable cause for driving under the influence." The trial court suppressed the result of the state-administered breath test.

The state argues on appeal that the trial court erred in concluding the evidence was insufficient to establish probable cause to arrest Damato. Because the trial court's ruling is not clearly erroneous, we affirm.

1. An individual is guilty of DUI-less safe when she operates a motor vehicle while under the influence of alcohol to the extent that it is less safe for her to drive.[3] It is well established that

> evidence which shows *only* that a defendant had alcohol in her body while driving provides insufficient probable cause to arrest for DUI. Impaired driving ability depends solely upon an individual's response to alcohol. Because individual responses to alcohol vary, the presence of alcohol, in a defendant's body, by itself, does not support an inference that the defendant was an impaired driver.[4]

Moreover, we have repeatedly held that the odor of alcohol on a driver's breath or a positive result on an alco-sensor test shows only the presence of alcohol and does not support an inference that the driver is intoxicated and it is less safe for her to drive.[5] The probable cause needed to conduct an arrest for DUI requires that the officer have knowledge or reasonably trustworthy information that a suspect was actually in physical control of a moving vehicle, while under the influence of alcohol to a degree which rendered her incapable of driving safely.[6]

Here, the state failed to offer sufficient evidence showing that Damato's driving ability was impaired due to alcohol consumption. The odor of alcohol on Damato's breath, her admission that she had a few drinks earlier in the evening, and a positive result on an alco-sensor test do not provide probable cause to arrest her for DUI

---

[3] OCGA § 40-6-391 (a) (1).

[4] (Citation and punctuation omitted; emphasis in original.) *Handley*, supra at 237-238.

[5] Id. at 238.

[6] Id. at 237.

several hours after the consumption of alcohol.[7] And, although the officer testified that he believed Damato was a less safe driver that morning due to her alcohol intake, "the trier of fact is not bound by this opinion, even if it is uncontradicted."[8] The trial court obviously chose not to believe the officer's opinion, and we cannot second-guess the trial court or use the officer's opinion in our analysis of whether probable cause existed to arrest Damato.[9] Furthermore, while blood-shot eyes and slightly paled skin may support a finding of impairment, "such evidence does not *require* a finding of impairment."[10] The trial court specifically noted that it considered cases where we found sufficient evidence to support probable cause based, in part, on a defendant's bloodshot, watery, or glossy eyes,[11] yet the court declined to accept the officer's testimony or adopt the officer's conclusion in this case.

We are a court for the correction of errors of law, and we cannot draw a different inference from the evidence or make a credibility determination contrary to the one made by the trial court, even if we disagree, as long as there is evidence in the record to support the trial court's findings.[12] The trial court did not clearly err in finding the state failed to offer sufficient evidence showing probable cause to arrest Damato for DUI-less safe.

2. An individual is guilty of DUI-per se where, within three hours after driving a motor vehicle, tests show that her blood alcohol concentration is 0.08 grams or more.[13] Thus, probable cause for DUI-per se exists where an officer has a reasonable basis to believe that (1) the suspect has, within the previous three hours, been in physical control of a moving vehicle, and (2) the suspect's current blood alcohol concentration is greater than 0.08 grams.[14]

Here, the trial court found that the arresting officer did not have probable cause to arrest Damato for driving under the influence per se. The order does not limit its holding to the charge of driving under the influence of alcohol to the extent Damato was a less safe driver. Thus, we are again bound to accept the trial court's factual determinations if there is any evidence to support them, and we defer to the trial court's judgment on issues of witness credibility and the

YALE LAW LIBRARY

---

[7] See *Ellison*, supra at 901-902 (3) (b).

[8] Id. at 902 (4).

[9] Id.

[10] (Emphasis in original.) Id. at 904 (6).

[11] See *Lenhardt v. State*, 271 Ga. App. 453, 454 (1) (610 SE2d 86) (2005); *Cann-Hanson v. State*, 223 Ga. App. 690, 691 (478 SE2d 460) (1996).

[12] *Ellison*, supra at 901 (3) (a) and 904 (6).

[13] OCGA § 40-6-391 (a) (5).

[14] *State v. Rish*, 295 Ga. App. 815, 817 (673 SE2d 259) (2009).

weight to be afforded the evidence in considering whether the state had probable cause to arrest Damato for DUI-per se.[15] We find that the trial court did not clearly err.

First of all, there is no evidence in the record showing that Damato's alcohol concentration exceeded 0.08 grams. The officer merely testified that Damato's alco-sensor result was "positive." In addition, after hearing evidence of the positive alco-sensor result, the trial court evaluated the evidence and applicable law, including the officer's testimony that he had used an alco-sensor device at least "twice" before the night at issue. Given that there is some evidence in the record to support the trial court's findings that the state failed to show probable cause to arrest Damato for DUI-per se, we must affirm the trial court's findings. The trial court did not clearly err in granting Damato's motion to suppress.

*Judgment affirmed. Miller, C. J., and Phipps, J., concur.*

DECIDED JANUARY 29, 2010.

*Rosanna M. Szabo, Solicitor-General, Jeffrey P. Kwiatkowski, Nicholas J. Carse, Assistant Solicitors-General*, for appellant.
*Mark C. Burton*, for appellee.