## A10A2050. BRANDON v. THE STATE.
### (706 SE2d 772)

MILLER, Presiding Judge.

Following a stipulated bench trial, Devon Douglas Brandon was found guilty of one count of Driving Under the Influence Less Safe (OCGA § 40-6-391 (a) (1)) ("DUI-Less Safe"),[1] and one count of Failure to Maintain Lane (OCGA § 40-6-48). Brandon appeals, contending that the trial court erred in denying his motion to suppress. Discerning no error, we affirm.

When reviewing a trial court's order on a motion to suppress, we construe the evidence most favorably to uphold the findings and judgment of the trial court. *Welchel v. State*, 255 Ga. App. 556, 557 (565 SE2d 870) (2002). Moreover, "the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them." (Citations and punctuation omitted.) *Alex v. State*, 220 Ga. App. 754 (1) (470 SE2d 305) (1996).

So viewed, the stipulated facts show that Brandon was involved in a single vehicle accident in Gwinnett County in the early morning hours of Saturday, May 30, 2009. Officer S. A. Clark responded to the scene and found Brandon sitting outside his overturned vehicle, his head covered in blood. Officer Clark detected the odor of alcohol about Brandon's person and asked whether he had been drinking, whereupon Brandon admitted that he had consumed "about five beers about five hours earlier." Field sobriety tests were not performed due to possible trauma to Brandon's head; however, Brandon did submit to an alco-sensor test of his breath, which revealed the

---

[1] The trial court merged its finding of guilty of one count of Driving Under the Influence Per Se (OCGA § 40-6-391 (a) (5)) ("DUI-Per Se") with its finding of guilty of DUI-Less Safe.

presence of alcohol.

Brandon explained to Officer Clark that another vehicle traveling in the opposite direction had entered his lane causing him to swerve to avoid a collision. No other vehicle, however, was present on the scene when Officer Clark arrived, and except for tire marks belonging to Brandon's vehicle, there were no other tire marks. Officer Clark concluded that Brandon's vehicle had gone off the road and that he over corrected, causing his vehicle to overturn. Given such opinion, Brandon's admission that he had been drinking, the odor of alcohol on his person, and the results of the breath test, Officer Clark placed Brandon under arrest for DUI. Following Brandon's arrest, Officer Clark read the implied consent warning to Brandon and he submitted to a breath test using the Intoxilyzer 5000, the result of which showed an alcohol concentration level of 0.125 grams. The trial judge denied the motion to suppress and a stipulated bench trial followed at the conclusion of which defendant Brandon was found guilty.

Brandon argues that the trial court erred in denying his motion to suppress the breath test results because Officer Clark lacked probable cause to detain him at the scene and to arrest him for DUI-Per Se or DUI-Less Safe. We disagree.

Contrary to Brandon's contention, this case is not analogous to *Handley v. State*, 294 Ga. App. 236 (668 SE2d 855) (2008), wherein we reversed the trial court's denial of a motion to suppress upon finding no evidence that Handley's driving ability was impaired by alcohol. In particular, the officer in *Handley* noted "nothing remarkable about [the defendant's] driving." Id. at 238. Here, the contrary is true given the presence of only a single set of skid marks on the roadway indicating that Brandon had over corrected to avoid an oncoming vehicle. Moreover, there also is Brandon's admission as to the consumption of alcohol and the result of blood-alcohol testing of his breath. Construing the evidence most favorably to upholding the findings and judgment of the trial court, as we must (*Alex*, supra, 220 Ga. App. at 754 (1)), we find that the trial court's ruling was not clearly erroneous. *Gilliam v. State*, 295 Ga. App. 358, 359 (671 SE2d 859) (2008). For the preceding reasons, therefore, we affirm.

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED MARCH 7, 2011.

*Robert D. Lenhardt*, for appellant.

*Rosanna M. Szabo, Solicitor-General, Zachary W. Procter, Assistant Solicitor-General*, for appellee.