## A12A0532. WILLOUGHBY v. THE STATE.
(727 SE2d 194)

ELLINGTON, Chief Judge.

Todd Willoughby stands accused in the Superior Court of Gwinnett County of homicide by vehicle, OCGA § 40-6-393. Willoughby filed a motion to suppress his medical records that were seized pursuant to a search warrant, arguing that the information in the supporting affidavit failed to show probable cause that a crime had been committed. After a hearing, the trial court denied the motion, and we granted Willoughby's ensuing application for an interlocutory appeal. For the reasons explained below, we reverse.

The record shows the following. On March 19, 2009, a Fulton County magistrate issued a warrant for "[a]ll medical records concerning patient Todd Michael Willoughby who appeared at Grady Memorial Hospital on or about January 1, 2009." The magistrate determined that there was probable cause to believe Willoughby had committed vehicular homicide, driving under the influence (DUI),

---

and failure to maintain lane, based on the following written statement of the investigating officer:

> Affiant was dispatched to automobile collision on Harmony Grove Road at its intersection with Nimblewill Way, Gwinnett County, on January 1, 2009. The collision occurred at 20:57 PM. It was determined that Todd Michael Willoughby could possibly be the driver of the vehicle and would be at fault via Failure to Drive Within a Single Lane. Russell Hays, who was possibly the front seat passenger in Todd Michael Willoughby's vehicle, was killed as a result of the collision. Todd Michael Willoughby admitted to the consumption of an alcoholic beverage at the scene of the collision. Todd Michael Willoughby was transported to Grady Memorial Hospital after the collision where he received medical treatment and medical test[s] were performed including toxicology tests. Said test results were documented into Todd Michael Willoughby's medical records. Said medical records may contain evidence of Driving Under the Influence of Alcohol.

The officer who applied for the warrant did not supplement the written application with oral testimony.

In his motion to suppress, Willoughby argued that the warrant application set out few facts and that those facts did not show probable cause to believe he had committed the specified offenses. The trial court found that, although the officer "could and should have supplied more details from his investigation," the "bare-boned" affidavit was sufficient to support the magistrate's probable cause determination. On appeal, Willoughby contends that the affidavit contained purely conclusory statements and failed to specify any underlying facts showing that he was under the influence of alcohol at the time of the accident, that his manner of driving caused the accident, or even that he was driving the car at the time. As a result, he contends, the affidavit was insufficient to allow the magistrate to determine whether the investigating officer had a legally sufficient factual basis to justify searching Willoughby's medical records for evidence of DUI.[1]

---

[1] See *King v. State*, 276 Ga. 126, 129 (2) (577 SE2d 764) (2003) (A search warrant may be used to obtain a person's medical records where there is probable cause to believe the person had been driving under the influence of alcohol and had caused an accident for which he received the medical treatment.); *Brogdon v. State*, 299 Ga. App. 547, 550-552 (1) (a) (683 SE2d 99) (2009) (accord).

A search warrant will only issue upon facts sufficient to show probable cause that a crime is being committed or has been committed. OCGA § 17-5-21 (a).

> The magistrate's task in determining if probable cause exists to issue a search warrant is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

(Citations and punctuation omitted.) *State v. Palmer*, 285 Ga. 75, 77 (673 SE2d 237) (2009).[2] Mere speculation, conjecture, opinion, or rumor is not enough to support a finding of probable cause; rather, "the facts must be such as to lead a man of prudence and caution to believe that the [specified] offense has been committed." (Citation and punctuation omitted.) *Wood v. State*, 126 Ga. App. 423, 424 (1) (190 SE2d 828) (1972). Although affidavits for search warrants

> must be tested and interpreted by magistrates and courts in a common[-]sense and realistic fashion[,] . . . [t]his is not to say that probable cause can be made out by affidavits which are purely conclusory, stating only the affiant's or an informer's belief that probable cause exists without detailing any of the underlying circumstances upon which that belief is based. Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police.

(Citations and punctuation omitted.) *United States v. Ventresca*, 380 U. S. 102, 108-109 (I) (85 SC 741, 13 LE2d 684) (1965). When a defendant files a motion to suppress evidence seized pursuant to a warrant,

> [t]he trial court may then examine the issue as a first level of review, guided by the Fourth Amendment's strong preference for searches conducted pursuant to a warrant, and

---

[2] See OCGA § 17-5-30 (a) (2) ("A defendant aggrieved by an unlawful search and seizure may move the court . . . to suppress as evidence anything so obtained on the grounds that . . . [t]he search and seizure with a warrant was illegal because . . . there was not probable cause for the issuance of the warrant[.]").

the principle that substantial deference must be accorded a magistrate's decision to issue a search warrant based on a finding of probable cause. A deferential standard of review is appropriate to further the Fourth Amendment's strong preference for searches conducted pursuant to a warrant. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.

(Citation and punctuation omitted.) *State v. Palmer*, 285 Ga. at 77-78.[3]

In this case, the warrant application suggests that Willoughby might have been driving the vehicle,[4] that he might have caused the accident by failing to maintain his lane, and that the amount of alcohol he had consumed might have been enough to put him over the legal limit or to make him a less safe driver. The affidavit, however, failed to provide any underlying details that would allow the magistrate to evaluate whether these conclusions were based on specific facts (derived, for example, from physical evidence or eyewitness testimony) rising to the level of probable cause or whether they were instead based on mere speculation or presumptions.

As the trial court noted, its inquiry at the hearing on Willoughby's motion to suppress was limited to the contents of the affidavit. This is because

an otherwise insufficient affidavit cannot be rehabilitated by testimony concerning information possessed by the affiant when he sought the warrant but not disclosed to the issuing magistrate. A contrary rule would, of course, render the warrant requirements of the Fourth Amendment meaningless.

---

[3] See also *Davis v. State*, 266 Ga. 212, 213 (465 SE2d 438) (1996) (Once a defendant files a motion to suppress, "the burden of proving the lawfulness of [a search] warrant is on the state and that burden never shifts. The only burden upon the challenger of a search warrant is that of producing evidence to support his challenge, which burden is shifted to him only after the state has met its initial burden of producing evidence showing the validity of the warrant.") (citations omitted).

[4] Willoughby maintains that the person who died in the accident was actually the driver, and he told the investigating officer so at the scene.

(Citation omitted.) *Whiteley v. Warden*, 401 U. S. 560, 565, n. 8 (91 SC 1031, 28 LE2d 306) (1971).[5] Because the affidavit in this case was insufficient on its face to support a finding of probable cause, the trial court erred in denying Willoughby's motion to suppress. *Wood v. State*, 126 Ga. App. at 423-424 (1).[6]

*Judgment reversed. Phipps, P. J., and Dillard, J., concur.*

DECIDED APRIL 5, 2012.

Ross & Pines, Noah H. Pines, for appellant.
Daniel J. Porter, District Attorney, Richard C. Armond, Assistant District Attorney, for appellee.

---

[5] See Wayne R. LaFave, 2 Search and Seizure, A Treatise of the Fourth Amendment, § 4.3 (a) (4th ed., 2011 update).

[6] We note that this opinion concerns only the records that the officer obtained by executing the March 19, 2009 search warrant. We pass no opinion regarding whether, assuming Willoughby's original medical records remain in the possession of Grady Memorial Hospital, the officer may be able to submit a second warrant application seeking the seizure of the same records.