**FIRST DIVISION**
**PHIPPS, C. J.,**
**DOYLE, P. J., and BOGGS, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**May 27, 2015**

# In the Court of Appeals of Georgia

A15A0257. BOWMAN v. THE STATE.                              BO-011C

BOGGS, Judge.

Danny Bowman appeals from the trial court's order denying his motion to suppress evidence seized during a search of his home. Because the record reveals no probable cause for the search, we reverse.

When reviewing a suppression ruling, we construe the evidence favorably to the trial court's findings and judgment. See *Galindo-Eriza v. State*, 306 Ga. App. 19 (701 SE2d 516) (2010). So viewed, the evidence shows that on June 21, 2013, a Gordon County sheriff's detective received information that a stolen Ford F-250 truck could be found on Bowman's property. Around midnight, the detective and other officers approached the front door of Bowman's home, knocked, and identified themselves. An individual opened the door and, upon seeing uniformed officers,

immediately slammed it shut. While the door was open, Burns saw a battery charger inside the house that was the same color as a charger reportedly located within the truck when it was stolen.

Concerned that someone might try to escape through the back door, the detective sent a deputy to the rear of the residence. The deputy went behind the house and saw a Ford F-250 tailgate that appeared to have been spray-painted leaning against the back porch. He reported this discovery to the detective, who began the process for obtaining a search warrant. While waiting on the warrant, the deputy drove further back into the property and found the stolen truck under a tarp. The search warrant eventually arrived, and officers located a methamphetamine lab, as well as items belonging to the truck's owner, inside Bowman's home.

Bowman was indicted for attempt to manufacture methamphetamine, possession of ephedrine, possession of pseudoephedrine, and theft by receiving stolen property. He subsequently moved to suppress all evidence seized by police, arguing that officers located the tailgate and stolen truck when they illegally entered his backyard and that nothing visible from the home's front door supported a search warrant. The trial court agreed with Bowman as to the stolen truck. Finding that the

2

deputy improperly searched the rear of the property without a warrant, the trial court suppressed all evidence of the truck discovered under the tarp.[1]

As to items seized from the house, however, the trial court found that probable cause supported the search. It denied Bowman's motion to suppress and motion for reconsideration, but issued a certificate of immediate review. We granted Bowman's interlocutory application, and this appeal followed.

1. Citing OCGA § 17-5-30,[2] Bowman argued below that the search was illegal and lacked probable cause, requiring suppression of all seized evidence. Without dispute, the officers' initial approach to Bowman's house constituted a permissible, first-tier "knock and talk" encounter. See *Galindo-Eriza*, supra, 302 Ga. App. at 22 (1); *State v. Ealum*, 283 Ga. App. 799, 801 n.2 (643 SE2d 262) (2007). The detective was entitled to be at the front door when it opened. His view of the battery charger, therefore, was permissible. See *Myers v. State*, 321 Ga. App. 676, 679 (742 SE2d 494) (2013) (officers' observation of stolen merchandise inside car could be used as

---

[1] The State has not challenged this ruling.

[2] Under this provision, a defendant may move to suppress evidence on grounds that "[t]he search and seizure with a warrant was illegal because . . . there was not probable cause for the issuance of the warrant." OCGA § 17-5-30 (a) (2).

basis for warrant because "officers were in a place they were lawfully entitled to be" when they saw merchandise).

The deputy's discovery of the tailgate, however, is problematic. The Fourth Amendment prohibits an officer "from entering [a] home or its curtilage without a warrant absent consent or a showing of exigent circumstances." *Kirsche v. State*, 271 Ga. App. 729, 731 (611 SE2d 64) (2005). The yard immediately surrounding a dwelling falls within the curtilage of a home. See id. at 733. The deputy did not have a warrant or consent when he went behind the house, and the State offered no evidence of an emergency situation. In fact, the State concedes the deputy was not authorized to be in the backyard. Consequently, his observation of the tailgate was illegal, provided no basis for a probable cause finding, and required suppression of the tailgate evidence. See *Arp v. State*, 327 Ga. App. 340, 346 (2) (759 SE2d 57) (2014) (because officers were not authorized to enter defendant's backyard, observations made from backyard could not support search); *State v. O'Bryant*, 219 Ga. App. 862, 863-865 (467 SE2d 342) (1996) (contraband observed inside truck located within curtilage of defendant's home could not form basis for search warrant where officer lacked authority to look inside vehicle); see also *State v. Schwartz*, 261

4

Ga. App. 742, 745 (1) (583 SE2d 573) (2003) (trial court properly suppressed evidence illegally seen by police).

2. The question thus becomes whether the detective's observation of the battery charger, standing alone, supports the search warrant. The State argues that it does. "A search warrant will only issue upon facts sufficient to show probable cause that a crime is being committed or has been committed." *Willoughby v. State*, 315 Ga. App. 401, 403 (727 SE2d 194) (2012), citing OCGA § 17-5-21 (a). In determining whether probable cause exists, a magistrate must "make a practical, common-sense decision whether . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." (Citations and punctuation omitted.) Id. Speculation, conjecture, opinion, or rumor cannot support a warrant. See id. Instead, "the facts must be such as to lead a man of prudence and caution to believe that the specified offense has been committed." (Punctuation omitted.) Id.

Moreover, we have held that "the burden of showing that the search and seizure were lawful shall be on the [S]tate. This burden upon the [S]tate is satisfied by production of the warrant and its supporting affidavit, and by showing either by those documents or by other evidence that the warrant is not subject to the statutory challenge alleged." (Citations, punctuation, and emphasis omitted.) *Smith v. State*,

324 Ga. App. 542, 544-545 (1) (751 SE2d 164) (2013). In this case, however, the State did not tender the warrant or supporting affidavit into evidence at the suppression hearing, and neither document otherwise appears in the record. Because the search warrant affidavit is absent from the record, we are not privy to the information given to the magistrate judge. We do not know whether the affidavit provided details about the stolen truck, the battery charger, or any connection between the charger and the truck. And we cannot determine whether it demonstrated a fair probability that contraband or evidence of a crime would be found in Bowman's home. Under these circumstances, the State has not shown that the magistrate had probable cause to issue the search warrant. The trial court, therefore, should have suppressed all evidence seized pursuant to the warrant. See id. at 404 (magistrate must be provided with underlying details to determine whether officer's conclusion regarding crime "were based on specific facts . . . rising to the level of probable cause or whether they were instead based on mere speculation or presumptions").

*Judgment reversed. Phipps, C. J. and Doyle, P. J., concur.*