**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 19, 2018**

# In the Court of Appeals of Georgia

A18A1144. WINGATE v. THE STATE.

MCFADDEN, Presiding Judge.

Tad David Wingate appeals his convictions of possession of more than an ounce of marijuana, manufacture of marijuana, possession of methamphetamine, and possession of the controlled substance carisoprodol. He argues that the trial court erred by denying his motion to suppress evidence obtained in two searches because law enforcement officers illegally entered the curtilage of the first searched residence without a warrant and because the warrants they eventually obtained were not supported by probable cause.

As a preliminary matter, we reject the state's argument that Wingate waived the search warrant issue by failing to raise it in the trial court. As for the merits, we agree with Wingate that the search warrants were not supported by probable cause. So we

reverse. We do not reach Wingate's argument that law enforcement officers improperly entered the curtilage of the property.

1. *Waiver*.

We reject the state's argument that Wingate waived his challenge to the sufficiency of the search warrant applications because he did not raise the issue in his motion to suppress. The appellate record shows that at the end of the March 24, 2015, hearing on the motion to suppress, the trial court stated that it would allow Wingate to submit a brief with his argument and would allow the state to respond. About two weeks later, Wingate submitted his brief raising the search warrant argument and citing *State v. Kazmierczak*, 331 Ga. App. 817 (771 SE2d 473) (2015), the March 30, 2015, opinion upon which Wingate bases his argument to this court. So Wingate did not waive the argument for appellate review. Cf. *Stanley v. State*, 206 Ga. App. 125 (1) (424 SE2d 90) (1992) (issue raised in a brief filed with motion to suppress could be considered as part of the motion).

2. *Sufficiency of the affidavits supporting the search warrants*.

Wingate's prosecution arose from the execution of search warrants at two locations, one on Long Branch Road and the other on Miller McElreath Road. He argues that the affidavit supporting the issuance of the search warrant for the Long

Branch Road location did not establish probable cause, and without the evidence obtained during the execution of that warrant, the warrant for the Miller McElreath Road property is not supported by probable cause. We agree.

When determining whether to issue a search warrant, the magistrate simply must

> make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.

*State v. Stephens*, 252 Ga. 181, 182, 311 SE2d 823, 824 (1984) (citation and punctuation omitted). In this case, we "focus on the information set forth within the four corners of the affidavit[s]," *Coleman v. State*, 337 Ga. App. 304, 306 (1) (787 SE2d 274) (2016), because both affiants testified that they gave the magistrates no sworn, oral testimony.

3

Wingate argues that the warrant affidavit for the Long Branch Road location, which is set out in the margin,[1] did not establish probable cause because the only relevant information it contained was the officers' detection of the odor of marijuana,

[1]The search warrant affidavit for the Long Branch Road location was obtained by a narcotics investigator with the Madison County Sheriff's Office. In the affidavit, the investigator testified as follows:

The affiant was contacted by FBI Agent [M. S.] in reference to a possible marijuana grow at the residence of 501 Long Branch Road. Agent [M. S.] relayed the information to the affiant via telephone. Affiant then traveled to the residence and met with Agent [M. S.] along with agents [J. H.], [M. P.], and [G. M.] who are agents with the FBI Task Force. Agents explained to affiant that they had come to the residence to make contact with Tad Wingate. Upon arrival they attempted to go to the front door but were unable to because of several boards missing from the deck. As they went around the back of the house they heard a radio playing in the out building behind the house. As they approached the out building they smelled a strong odor of marijuana coming from the building. The door to the out building was padlocked from the outside and they heard the noise of a fan. They then made contact with the affiant by telephone. Affiant verified everything they had said and left the agents and [two investigators] to secure the residence while affiant typed [a] search warrant for the property.

but the affidavit failed to include information about the officers' qualifications to identify the odor. Wingate argues that the warrant affidavit for the Miller McElreath Road location, which is also set out in the margin,[2] did not establish probable cause

[2]The search warrant affidavit for the Miller McElreath location was obtained by the chief investigator with the Madison County Sheriff's Office. In the affidavit, the chief investigator testified as follows:

> On December, 2013, agents and task force officers with the Federal Bureau of Investigation went to 501 Long Branch Road to attempt to make contact with a male subject named Tad David Wingate in reference to an investigation. The FBI had this location listed as the residence of Tad David Wingate. When they arrived at this location they heard music coming from an outbuilding behind the residence. The agents went to this outbuilding to attempt to make contact with Wingate. When they approached the outbuilding they noticed a strong odor of marijuana coming from inside the outbuilding. The FBI contacted Investigator [S. P.] of the Madison County Sheriff's Office in reference to their observations at 501 Long Branch Road. The FBI and members of the Madison County Sheriff's Office held the residence for a search warrant to be obtained. Investigator [S. P.] obtained a search warrant from the Madison County Magistrate's Court for the location. Approximately, at 1800 hours this search warrant was served. Once entry was made into the outbuilding, law enforcement officers found green leafy plants that appeared to be marijuana in various stages of growth. Additionally, law enforcement officers located items used in the manufacturing of marijuana. The residence was also searched and

because, among other things, it was based on the evidence seized in the impermissible first search.

In *State v. Kazmierczak*, 331 Ga. App. 817 (771 SE2d 473) (2015), we held that an officer's detection of the odor of marijuana may support the issuance of a search warrant "if the affidavit for the search warrant contains sufficient information for a magistrate to determine that the officer who detected the odor of marijuana emanating from a specified location is qualified to recognize the odor[.]" Id. at 823. Neither

---

additional plants were located inside. A member of the Madison County Sheriff's Office conducted a search for contacts with Tad David Wingate in the internal database. It was discovered Wingate was arrested in October 2013 and booked into the Madison County jail. At the time of booking, Wingate gave Sheriff's Office staff the address of 829 Miller McElreath Road, Danielsville, Georgia, as being his place of residence. Sgt. [K. S.] and Deputy [K. E.] were sent to Wingate's residence on Miller McElreath Road to attempt to make contact with Wingate. Upon their arrival they made contact with Wingate and placed him into custody. Upon making contact with Wingate the law enforcement officers noticed a strong odor of marijuana coming from the residence. The residence was secured until a search warrant could be obtained.

6

affidavit in this case included any "information [that would allow] a magistrate to determine that the officer who detected the odor of marijuana [was] qualified to recognize the odor. . . ." Id.

The state argues that the magistrate could have concluded that the affiants and the FBI agents had the necessary training and experience to identify the odor of marijuana because the magistrate could have inferred that federal law enforcement officers and investigators with sheriff's offices have such training and experience. Such an inference, however, would render the holding in *Kazmierczak* meaningless.

Absent the detection of the odor of marijuana, the state argues, the magistrate could have found probable cause to issue the Long Branch Road search warrant because the affidavit "noted that FBI agents believed there to be a marijuana grow operation at the location, [and] the afffiant observed that the outbuilding was padlocked from the outside and that there was the sound of a fan blowing within the building." But the statement in the affidavit that an FBI agent contacted the affiant "in reference to a possible marijuana grow at the residence of 501 Long Branch Road," contains no information to support such conclusion. And the affidavit contains no information that would allow the magistrate to determine that the presence of a padlock and the sound of a fan blowing are indicative of a criminal

7

offense. "A search warrant will only issue upon facts sufficient to show probable cause that a crime is being committed or has been committed. OCGA § 17-5-21 (a)." *Willoughby v. State*, 315 Ga. App. 401, 403 (727 SE2d 194) (2012).

The search warrant affidavit for the Long Branch Road property failed to establish probable cause. And without the evidence obtained in the search of the Long Branch Road property, the search warrant affidavit for the Miller McElreath Road property also failed to establish probable cause. For these reasons, the trial court erred by denying the motion to suppress and we reverse. So we do not reach Wingate's argument that law enforcement officers illegally intruded into the curtilage of the Long Branch Road property.

*Judgment reversed. Ray and Rickman, JJ., concur*.