**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 8, 2020**

# In the Court of Appeals of Georgia

A19A2167. MASON v. THE STATE.

RICKMAN, Judge.

Spencer Mason was convicted of driving under the influence of alcohol and his motion for new trial was denied. On appeal, he contends that the trial court erred in denying his motion to suppress and that the State presented insufficient evidence to show that he was the driver of the vehicle. Finding no error, we affirm.

Following a single car accident, an officer who responded to the scene applied for a search warrant to obtain access to blood drawn from Mason at the hospital. The results of the blood test indicated a blood alcohol content of .23 grams. Mason was accused of driving under the influence of alcohol (less safe), as well as failure to maintain lane. Mason moved to suppress the results of the blood test on the ground that the search warrant affidavit failed to establish probable cause to support issuance

of a warrant. Following a hearing, the trial court denied the motion. Mason waived a jury, submitted to a bench trial, and was found guilty. Mason moved for a new trial, the trial court denied the motion, and Mason appealed. Mason's trial counsel failed to file a timely brief in this Court, and Mason's initial appeal was therefore dismissed. Mason moved for an out-of-time appeal in the trial court, which was granted, and he brought the current appeal.

1. First, the State argues that because this Court dismissed Mason's earlier appeal, Mason's current appeal is not authorized under OCGA §§ 5-6-33 (a) (1) or 5-6-34. This argument is without merit. Mason was authorized to seek an out-of-time appeal because his earlier appeal was dismissed as the result of ineffective assistance of counsel. See *Rowland v. State*, 264 Ga. 872, 875 (2) (452 SE2d 756) (1995) ("A criminal defendant who has lost his right to appellate review of his conviction due to error of counsel is entitled to an out-of-time appeal."); *Howse v. State*, 262 Ga. App. 790, 790 (586 SE2d 695) (2003) (out-of-time appeal allowed when as the result of ineffective assistance of counsel, defendant's appeal to this court was dismissed for failure to file brief and enumeration of errors).

2. Mason contends the trial court erred in denying the motion to suppress because the search warrant affidavit submitted to obtain the warrant to take Mason's blood failed to establish probable cause of a crime.

"[A] search warrant may be issued only upon an affidavit 'which states facts sufficient to show probable cause that a crime is being committed or has been committed.'" *Mizell v. State*, 304 Ga. 723, 726 (2) (822 SE2d 211) (2018), quoting OCGA § 17-5-21 (a). The magistrate, trial court, and appellate court have the following responsibilities:

> The magistrate's task in determining if probable cause exists to issue a search warrant is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, *there is a fair probability that contraband or evidence of a crime will be found in a particular place.*

> The trial court may then examine the issue as a first level of review, guided by the Fourth Amendment's strong preference for searches conducted pursuant to a warrant, and the principle that *substantial deference must be accorded a magistrate's decision* to issue a search warrant based on a finding of probable cause.

> . . .

3

The duty of the appellate courts is to determine if [under the totality of the circumstances] the magistrate had a substantial basis for concluding that probable cause existed to issue the search warrant. . . . [And] we apply the well-established principles that the trial court's findings as to disputed facts will be upheld unless clearly erroneous and the trial court's application of the law to undisputed facts is subject to de novo review, keeping in mind that a magistrate's decision to issue a search warrant based on a finding of probable cause is entitled to substantial deference by a reviewing court.

(Citations and punctuation omitted, emphasis supplied.) Id. at 726-727 (2). Finally, "an appellate court generally must limit its consideration of the disputed facts to those expressly found by the trial court." *Hughes v. State*, 296 Ga. 744, 746 (1) (770 SE2d 636) (2015).

Mason moved to suppress all blood-test results on the ground that the search warrant affidavit used to obtain the warrant did not establish probable cause of a crime. At the hearing on the motion, an officer with specialized DUI training testified that at approximately 2:30 a.m. on January 1, 2014, he received a report of a serious incident and responded to the call. Upon arrival at the scene, the officer interviewed a witness who had information about the single car accident. Based on that conversation and a conversation with the first officer on the scene, the DUI officer

4

prepared an affidavit and application for a search warrant. The relevant portion of the affidavit states as follows:

> The facts tending to establish probable cause that a crime has been, or is being committed . . . are as follows: On 1/1/14[,] I responded to a serious injury wreck on Montgomery Crossroads near Abercorn St. An SUV driven by Mr. Mason was traveling westbound on Montgomery Crossroads when it left the roadway. The SUV went up onto a grass median and struck a large tree. The SUV rotated and came to rest back on the westbound side of Montgomery Crossroads. The driver of the SUV sustained two broken legs and extensive facial injuries. A witness that arrived on scene shortly after the collision advised that he could smell the odor of an alcoholic beverage when he approached the SUV.

The officer had the name of the witness but did not include it in the report.[1]

In ruling on the motion to suppress, the trial court found that on January 1, 2014, a single car accident occurred, wherein Mason's vehicle left the roadway, traveled into a grass median, and struck a large tree. The court further found that a witness detected the odor of alcohol at the scene. Accordingly, the court concluded

---

[1] The officer's standard procedure when presenting affidavits to the magistrate, included that he would verbally describe "the background of the wreck, . . . how the wreck actually occurred, the condition of the driver, . . . on the scene and their current condition . . . and then answer any questions [the magistrate] may have." But when asked "What other facts did you give the Judge for the search warrant when you were speaking with her?" the officer replied, "the facts that were in my [affidavit]."

"that there was probable cause to suspect the defendant of driving under the influence of alcohol."

We find no error. "A trial court is permitted to consider hearsay evidence at a hearing on a motion to suppress." *Burkes v. State*, 347 Ga. App. 790, 794 (2) (a) (821 SE2d 33) (2018). Further, "[i]nformation received from a concerned citizen is inherently more credible and reliable than that received from an anonymous tipster; indeed, it is deemed reliable." (Footnote omitted.) *Fleming v. State*, 281 Ga.App. 207, 208-209 (2) (635 SE2d 823) (2006). Here, although the officer did not include the name of the witness in the search warrant affidavit, the officer identified the witness at the hearing on the motion to suppress. Thus, the trial court was authorized to rely on the presence of an odor of alcohol coming from Mason's SUV, as well as an inference that it came from Mason.

It is true that in determining probable cause to arrest,[2] the odor of alcohol on a driver's breath "shows only the presence of alcohol and does not support an inference that the driver is intoxicated and it is less safe for her to drive." *State v.*

[2] Our Supreme Court has recently articulated the similarity in standard, and difference in focus, for assessing probable cause to arrest and probable cause to search:

> [T]here are two different but analytically similar types of probable cause: the probable cause to arrest and the probable cause to search. As to how they are similar, both are governed by the same standard—a "fair probability" on which "reasonable and prudent people, not legal technicians, act"—and require "the same quantum of evidence." . . . [But] the focus of the inquiry is different for each. When reviewing whether a police officer had probable cause to search, the focus is on whether the available facts would lead a person of reasonable caution to believe that contraband or evidence of a crime was present in the place that was searched. When considering whether a police officer had probable cause to arrest, a court must evaluate whether the facts and circumstances known to the police officer would have led a reasonable officer to believe that the suspect probably had committed, was committing, or was about to commit a crime.

> Because the focus of the inquiry is different for arrests and searches, finding the existence of probable cause to search does not necessarily answer whether there is probable cause to arrest, or vice versa.

(Citations omitted.) *Caffee v. State*, 303 Ga. 557, 560-561 (2) (814 SE2d 386) (2018).

*Damato*, 302 Ga. App. 181, 182 (1) (690 SE2d 478) (2010). This is so because to have probable cause to arrest "the officer [must] have knowledge or reasonably trustworthy information that a suspect was actually in physical control of a moving vehicle, while under the influence of alcohol to a degree which rendered her incapable of driving safely." Id. But, here, evidence of the odor of alcohol was combined with evidence that the driver lost control of his vehicle and crashed into a tree early on the morning after New Year's Eve. The trial court was therefore authorized to conclude that there was probable cause to search, that is that there was a fair probability that a test of Mason's blood would reveal evidence that Mason was driving under the influence of alcohol at the time that he ran off the road. See generally *Caffee*, 303 Ga. at 560-561 (2).

Finally, "[a]lthough in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." (Citation and punctuation omitted.) *State v. Palmer*, 285 Ga. 75, 77-78 (673 SE2d 237) (2009).

The cases of *Willoughby v. State*, 315 Ga. App. 401 (727 SE2d 194) (2012), and *State v. Jennings*, 318 Ga. App. 237 (733 SE2d 522) (2012), relied on by Mason,

8

are distinguishable. In *Willoughby*, two individuals were in the vehicle at the time of the accident and the affiant was not able to definitely identify the defendant as the driver. 315 Ga. App. at 403. In the present case, no other persons were identified as being in the single-car crash. In *Jennings*, unlike the present case, there was no evidence that the defendant had been in an accident or otherwise driving in an unsafe manner. 318 Ga. App. at 239.

3. Mason also challenges the sufficiency of the evidence that he was the driver in the accident that night. "Upon a finding of guilt following a bench trial, the presumption of innocence no longer applies, and on appeal, the appellate court construes the evidence in favor of the judge's findings of fact." (Citation and punctuation omitted.) *Burkes*, 347 Ga. App. at 796 (4).

Here, the same accident witness who spoke to the DUI officer on the scene and whose statement was provided in the search warrant affidavit, testified at trial. He testified that he was about three or four cars behind the vehicle when he heard a "real loud bang" and that he and several other people tried to help the driver of the vehicle before emergency services arrived. He testified that firemen had to cut the vehicle almost in half to get the driver out. And he remained at the scene until emergency responders arrived.

A sergeant with the Savannah Chatham Metropolitan Police Department testified that after she arrived at the scene, she observed the aftermath of a single-vehicle crash and that the driver had already been transported to the hospital. She went to the hospital and met with another officer who told her that the driver, Mason, was in critical condition. Mason did not object to this testimony. "[I]f a party does not properly object to hearsay, the objection shall be deemed waived, and the hearsay evidence shall be legal evidence and admissible." OCGA § 24-8-802.

When construed in favor of the judgment following the bench trial, we conclude that the above evidence was sufficient to show that Mason was the person who was driving the vehicle involved in the accident, who had to be extracted from the vehicle and taken to the hospital, and whose blood was drawn and tested. We therefore conclude that the trial court did not err by denying Mason's motion for new trial on this ground.

*Judgment affirmed. Miller, P. J., and Reese, J., concur.*