## A02A0649. BUCKLEY v. THE STATE.
### (561 SE2d 188)

JOHNSON, Presiding Judge.

Following a bench trial, William Buckley was convicted of two counts of felony sexual exploitation of children and one count of misdemeanor sexual exploitation of children. In his sole enumeration of error, Buckley contends the trial court erred in denying his motion to suppress evidence. We disagree and affirm Buckley's convictions.

On appeal from a motion to suppress, this Court views the evidence in a light most favorable to support the trial court's judgment; the trial court's findings on disputed facts and credibility must be accepted unless clearly erroneous.[1] Viewed in that light, the evidence shows that the United States Customs Service was contacted by the German National Police concerning eight images of child pornography that had been recovered by an undercover agent. The screen name of the person who sent the pornographic images was "KUEQ," a screen name registered to Buckley, who lived in Columbus, Georgia. The Customs Service contacted the Columbus Police Department and sent them copies of the eight images sent over the Internet by Buckley. The images depicted children as young as four years old engaged in acts of vaginal and oral sex. Based on this information, Columbus police obtained a warrant to search Buckley's home.

During the search, police showed Buckley the eight pornographic images. Buckley's mother asked Buckley, "Did you do that?" Buckley responded, "Yes, mama." Buckley then informed police that he had no material saved to discs or printed as hard copies. Instead, all the pornographic material was contained on the hard drive of his computer. Officers seized two computers, magazines, videotapes and some computer discs. It was later discovered that Buckley's hard drive contained over 40,000 photographs, one-third of which involved children. The files were divided into categories based on whether the photographs depicted boys or girls and listed their ages. Buckley's hard drive contained images of young children engaged in anal, oral and vaginal sex.

After observing the contents of the computer, police obtained a warrant for Buckley's arrest. During his statement, Buckley admitted that he sent and received images of child pornography. Buckley

[1] *Sanders v. State*, 247 Ga. App. 170 (543 SE2d 452) (2000).

claimed he requested images of child pornography so he could trade them for adult pornography.

Buckley challenges the trial court's denial of his motion to suppress, claiming there was no probable cause for the search warrant because the information was received from other law enforcement officers and because the information was "stale." Both claims lack merit.

In determining whether an affidavit provides sufficient probable cause for issuance of a search warrant, a magistrate must

> make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.[2]

On appeal, we give substantial deference to the magistrate's decision to issue the warrant, and we construe the evidence in favor of the court's decision that probable cause existed.[3]

In the present case, the warrant was issued based on hearsay statements from the German National Police and a United States Customs agent. It is well established that hearsay may serve as the basis for the granting of a search warrant as long as there is a substantial basis for crediting the hearsay.[4] And, when a police officer or a government official is the informant, the reliability of the informant is presumed as a matter of law.[5] Here, the mere averments as to who provided the information were enough to support a presumption of reliability, credibility and accuracy.[6] Therefore, the hearsay statements could serve as the foundation for probable cause.

As for Buckley's claim that the information was stale, the mere passage of time does not equate with staleness.[7] An officer's inference that items sought will be at the place to be searched requires no more than a "fair presumption" to be reasonable.[8] The magistrate must

---

[2] (Citation and punctuation omitted.) *Jones v. State of Ga.*, 249 Ga. App. 64, 66-67 (1) (547 SE2d 725) (2001).

[3] *Roberson v. State*, 246 Ga. App. 534, 535 (1) (540 SE2d 688) (2000).

[4] See *Devier v. State*, 247 Ga. 635, 637 (4) (277 SE2d 729) (1981).

[5] *Williams v. State*, 239 Ga. App. 671, 672 (522 SE2d 43) (1999); *Tuzman v. State*, 145 Ga. App. 761, 766 (2) (A) (244 SE2d 882) (1978).

[6] *Tuzman*, supra.

[7] *State v. Towe*, 246 Ga. App. 808, 812 (2) (541 SE2d 423) (2000).

[8] Id.

merely "view the totality of the circumstances for indications of the existence of reasonable probability that the conditions referred to in the sworn testimony would continue to exist at the time of the issuance of the search warrant."[9] Although three months had passed since the eight pornographic images were received in Germany, the Columbus police had information that Buckley continued to reside at the place to be searched. In addition, the information sought was stored on a computer and not a perishable item. The trial court did not err in denying Buckley's motion to suppress.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED FEBRUARY 26, 2002.

*Hagler, Hyles & Adams, Clark C. Adams, Jr.*, for appellant.
*J. Gray Conger, District Attorney, Michele C. Ivey, Assistant District Attorney*, for appellee.

