S08A0112. CARTER v. THE STATE.
(656 SE2d 524)

MELTON, Justice.

Following his conviction for malice murder and robbery, Cortez Carter appeals, contending that the evidence was insufficient to support the verdict and that the trial court erred by admitting certain DNA evidence.[1] For the reasons set forth below, we affirm.

1. Viewed in the light most favorable to the verdict, the facts of record show that, on the evening of October 16, 2002, a call was placed to Pizza Hut from the apartment where Bjorn Green lived. Green is a friend of Carter's and is his co-defendant in this matter. The caller ordered a pizza and asked that it be delivered to an empty apartment in the same complex. Green testified that, on the night in question, Carter came to Green's apartment and asked to use the telephone. Paul Wojick, a Pizza Hut employee, delivered the pizza, but was robbed and choked to death when he arrived at the vacant apartment, where his body was left. Following the murder, Carter visited his friend, Tony Brock. Carter admitted to Brock that he robbed and murdered Wojick with the help of an accomplice, and Carter asked Brock to give him enough money to leave town. Carter also visited his

---

[1] On March 6, 2003, Carter was indicted in Cobb County for malice murder, one count of felony murder based on aggravated assault, one count of felony murder based on robbery, and two counts of robbery. Following a jury trial conducted on April 19-23, 2004, Carter was found guilty on all counts, and he was sentenced to life imprisonment for malice murder and an additional twenty consecutive years for robbery. The felony murder counts were vacated by operation of law, see *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993), and the second robbery count was merged into the first one. Carter filed a motion for new trial on April 26, 2004 and an amended motion on March 16, 2005. In addition, Carter filed pro se amended motions on February 26, 2007 and March 15, 2007. The trial court denied Carter's motion for new trial on July 31, 2007, and Carter filed a notice of appeal on August 9, 2007. Carter's timely appeal was docketed in this Court on September 21, 2007, and submitted for decision on the briefs.

mother, told her that he was in a lot of trouble, and that he needed money. In addition to this evidence, DNA testing showed that a hair found on the victim's body belonged to Carter.

This evidence was sufficient to enable the jury to rationally conclude that Carter was guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Carter contends that the trial court erred by denying his motion to suppress DNA evidence which identified a hair found on the victim's body as belonging to him. Specifically, Carter argues that, because police omitted facts undermining the credibility of witnesses used in the affidavit filed to support their warrant application, the warrant that was ultimately issued was not supported by probable cause.

A magistrate's decision to issue a warrant based upon a finding of probable cause is entitled to substantial deference. *DeYoung v. State*, 268 Ga. 780 (7) (439 SE2d 157) (1997). The test for probable cause is not hypertechnical. To the contrary, it must be based on the "factual and practical considerations of everyday life on which reasonable and prudent men . . . act." (Citation and punctuation omitted.) *Curry v. State*, 255 Ga. 215, 217 (1) (336 SE2d 762) (1985). "Ultimately, this Court's role on review is to determine if the magistrate had a substantial basis for concluding that probable cause existed to issue the search warrant." (Footnote and punctuation omitted.) *Moss v. State*, 275 Ga. 96, 102 (13) (561 SE2d 382) (2002). If a court determines that an affidavit submitted contains material misrepresentations or omissions, "the false statements [must] be deleted, the omitted truthful material [must] be included, and the affidavit [must] be reexamined to determine whether probable cause exists to issue a warrant." (Citation omitted.) *Redding v. State*, 192 Ga. App. 87, 88 (383 SE2d 640) (1989).

In this case, the record shows that, when asking for the issuance of a warrant authorizing the State to take a blood sample from Carter, police informed the magistrate about the salient facts known to them at the time: the pizza order was placed from Green's apartment; Carter was in Green's apartment and used the phone on the night in question; and Carter had confessed to Brock that he was involved in the crime. This evidence amply supported the issuance of the warrant.

Carter maintains, however, that police should have also informed the magistrate about two things: (1) that, at some point after Brock initially related Carter's confession, he inquired about the possibility of receiving a reward and (2) there was no direct evidence that Carter actually made the phone calls in question. Even if we assume without deciding that these facts were improperly omitted,

the outcome of this case does not change. When these facts are included with the others considered by the magistrate, probable cause to issue the warrant continues to exist. Accordingly, the trial court did not err by denying Carter's motion to suppress.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 28, 2008.

*Richard O. Allen,* for appellant.

*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney, Thurbert E. Baker, Attorney General, Benjamin H. Pierman, Assistant Attorney General,* for appellee.