[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12835
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 10, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00252-CR-4-IPJ-PWG


UNITED STATES OF AMERICA,

                                                                    Plaintiff-Appellee,

                                versus

MARTIN TRACY MCBURNETTE,

                                                                    Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 10, 2010)

Before TJOFLAT, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Martin Tracy McBurnette appeals his conviction and sentence for sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a).[1] No reversible error has been shown; we affirm.

McBurnette argues that the government rendered his indictment duplicitous by introducing multiple videos of the sexually explicit conduct at trial. He contends that the indictment's reference to "a" visual depiction necessarily meant the original video and that the statute did not include later copies of the original video. We review de novo allegations of duplicity. See United States v. Hassoun, 476 F.3d 1181, 1185 (11th Cir. 2007). An indictment is duplicitous where it "charges two or more separate and distinct crimes in a single count." United States v. Burton, 871 F.2d 1566, 1573 (11th Cir. 1989).

Here, contrary to McBurnette's argument, section 2251(a) does not require that a defendant can be prosecuted based upon only the original visual depiction. Instead, the statute criminalizes using, persuading, inducing, enticing, or coercing any minor to engage in "any sexually explicit conduct for the purpose of producing

[1]The victim in this case was McBurnette's neighbor, a seven-year-old female. The child would go to McBurnette's home to visit her dog, which McBurnette kept for the victim's family. On many occasions, McBurnette sexually abused the child and filmed the sexual contact.

2

any visual depiction of such conduct." 18 U.S.C. § 2251(a) (emphasis added).

Thus, by the plain language of the statute, any of the five video recordings the government introduced at trial, whether the original or a later copy, could fulfill the elements of a section 2251(a) violation. By introducing the videos, the government simply explained that McBurnette could violate the statute in multiple ways; and an indictment is permitted to charge a defendant with violating a statute in more than one way in a single count. See Burton, 871 F.2d at 1573-74 (in the context of an 18 U.S.C. § 641 violation, explaining that acts of embezzling and converting government property simply constituted two separate ways that a section 641 violation could occur, not separate crimes). We conclude that the indictment was not duplicitous.[2]

McBurnette argues that the district court erred in denying his motion to suppress because the warrant was based on stale information: the last incident of alleged sexual contact had occurred almost two years before and, thus, no factual basis existed for believing that the items to be seized still were present at his residence. In reviewing the denial of a motion to suppress, we review "the findings of fact for clear error and the application of law to those facts de novo." United

---

[2]Also contrary to McBurnette's argument, section 2251(a) does not require that the jury agree on which visual representation, if there is more than one, satisfied the elements because the creation of "any" visual depiction is sufficient to violate the statute.

3

States v. Mercer, 541 F.3d 1070, 1073-74 (11th Cir. 2008), cert. denied, 129 S.Ct. 954 (2009).  And we construe all facts in the light most favorable to the prevailing party -- here, the government.  Id. at 1074.

The staleness doctrine "requires that the information supporting the government's application for a warrant must show that probable cause exists at the time the warrant issues." United States v. Bervaldi, 226 F.3d 1256, 1264 (11th Cir. 2000).  "Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location." United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999).  Whether information is stale is determined "on the peculiar facts of each case."  Bervaldi, 226 F.3d at 1265.

We conclude that the information in the warrant affidavit was not stale. Here, the victim spoke to police officers almost two years after the alleged sexual contact with McBurnette ended; and she detailed the incidents that had occurred, including that McBurnette had made her watch child pornography with him.  The officer who made the warrant affidavit (which provided for the seizure of videotapes) told the warrant-issuing court that pedophiles never dispose of their child pornography; therefore, she had reason to believe that the pornography still would be in McBurnette's house even though the sexual abuse had occurred almost

4

two years before. This statement directly relates to the habits of the accused and the character of the items sought, appropriate factors in the staleness determination. See id. (when determining staleness, courts should consider the length of time, "nature of the suspected crime (discrete crimes or ongoing conspiracy), habits of the accused, character of the items sought, and nature and function of the premises to be searched"). And the affidavit indicated that the sexual abuse occurred multiple times and was not an isolated event, so the time between the cessation of the conduct and obtaining the warrant was "of less significance." See id. (in the staleness inquiry, "[i]f an affidavit recites activity indicating protracted or continuous conduct, time is of less significance" than in the case of an isolated incident).

We now address McBurnette's sentencing challenges. We review a district court's interpretation of the Sentencing Guidelines de novo and its findings of fact for clear error. United States v. Bohannon, 476 F.3d 1246, 1248 (11th Cir. 2007). McBurnette argues that he was entitled to a reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a), because, before trial, he offered to stipulate that he had sexual contact with the victim, but the government would not accept his stipulation.

A defendant who exercises his constitutional right to trial may receive an

acceptance-of-responsibility reduction in "rare situations," such as "where a defendant goes to trial to assert and preserve issues" unrelated to factual guilt, such as a constitutional challenge to a statute. U.S.S.G. § 3E1.1(a), comment. (n.2). But here -- contrary to his argument that he contested only constitutional and jurisdictional issues -- McBurnette challenged issues about his factual guilt. He failed to admit that the videotapes were produced using materials that had traveled in interstate commerce, which was an essential element for the government to prove. So, the court was entitled to deny McBurnette an acceptance- of- responsibility reduction because he "falsely denie[d] . . . conduct for which he [was] accountable." See United States v. Lewis, 115 F.3d 1531, 1537 (11th Cir. 1997). And the district court denied the reduction after considering a pre-trial psychological evaluation that McBurnette introduced as evidence, which indicated that McBurnette had not come to terms with his acts. See U.S.S.G. § 3E1.1(a), comment. (n.2) (where a defendant proceeds to trial, a district court should make its acceptance of responsibility determination based mainly on pre-trial statements and conduct). McBurnette has failed to show that the district court's denial of an acceptance-of-responsibility reduction was clearly erroneous.

McBurnette also argues that the district court erred in enhancing his sentence based on its conclusion that McBurnette had care, custody or supervisory control

over the victim, U.S.S.G. § 2G2.1(b)(5). Section 2G2.1(b)(5) provides for a two-level increase to a defendant's base offense level if the defendant "was a parent, relative, or legal guardian of the minor involved in the offense, or if the minor was otherwise in the custody, care, or supervisory control of the defendant." This enhancement "is intended to have a broad application and includes offenses involving a minor entrusted to a defendant, whether temporarily or permanently." Id., comment. (n.3(A)).

The district court committed no clear error in assessing this enhancement. When the victim visited McBurnette, he instructed her not to bring the dog into his house and told her not to tell anyone about the sexual abuse. And the victim's mother would call McBurnette when it was time for the victim to return home. These acts indicate that McBurnette had temporary supervisory control over the victim.

AFFIRMED.[3]

---

[3]We reject McBurnette's argument that section 2251 violates the Commerce Clause because the conduct it prohibits does not affect interstate commerce and because no evidence showed that he sold or delivered visual depictions of the sexual conduct in interstate commerce. These arguments are foreclosed by Circuit precedent. See United States v. Smith, 459 F.3d 1276, 1284-86 (11th Cir. 2006) (upholding the application of section 2251(a) to a defendant who produced intrastate pornographic photographs, but used materials that had traveled in interstate commerce); United States v. Maxwell, 446 F.3d 1210, 1218 (11th Cir. 2006) (concluding that "it is within Congress's authority to regulate all intrastate possession of child pornography, not just that which has traveled in interstate commerce or has been produced using materials that have traveled in interstate commerce").