[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10040
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00208-WKW-TFM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEE ANTHONY LOVVORN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(July 25, 2013)

Before HULL, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Anthony Lee Lovvorn appeals the district court's denial of his motion to

suppress evidence obtained from his computer during a search of his residence.

Lovvorn's wife, Julie Narbay, filed a complaint with Investigator Knowles of the Coffee County Sheriff's Office stating that Lovvorn had child pornography on his home computer. Investigator Knowles interviewed Narbay and prepared a search warrant application and affidavit which was presented, along with Narbay's own sworn affidavit, to a state judge who issued a search warrant for Lovvorn's residence. Investigator Knowles executed the search warrant and seized Lovvorn's computer, which forensic analysis found to contain approximately 9,000 images and 125 videos of child pornography. Lovvorn argued in his motion to suppress that the search warrant application and affidavit failed to establish probable cause based in part on the staleness of the information from Narbay. He pleaded guilty after his motion to suppress was denied, but reserved the right to the denial. Now on appeal, we affirm the district court's denial of Lovvorn's motion to suppress.

"A district court's denial of a motion to suppress is a mixed question of law and fact." *United States v. Frank*, 599 F.3d 1221, 1228 (11th Cir. 2010). We review factual findings for clear error, and we review de novo the district court's application of the law to those facts. *Id.* A district court's determination of probable cause is reviewed de novo. *United States v. Butler*, 102 F.3d 1191, 1198 (11th Cir. 1997).

"Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding

2

contraband or evidence at a particular location." *United States v. Brundidge*, 170 F.3d 1350, 1352 (11th Cir. 1999) (per curiam). "[P]robable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 213, 232, 103 S. Ct. 2317, 2329 (1983). To determine whether probable cause exists to issue a search warrant, the judge must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 238, 103 S. Ct. at 2332.

"For probable cause to exist, however, the information supporting of the government's application for a search warrant must be timely, for probable cause must exist when the magistrate judge issues the search warrant." *United States v. Harris*, 20 F.3d 445, 450 (11th Cir. 1994). In reviewing a staleness challenge, we do not apply arbitrary time limitations, but instead review each case based on the unique facts presented. *Id.* We may consider "the maturity of the information, nature of the suspected crime . . . , habits of the accused, character of the items sought, and nature and function of the premises to be searched." *Id.*

Here, the district court did not err in denying Lovvorn's motion to suppress. Investigator Knowles, a law enforcement officer with over four years of training

3

and experience, prepared the search warrant application and affidavit based on his first-hand conversation with Narbay, Lovvorn's wife. According to Investigator Knowles's affidavit, Naraby stated that her husband owned a home computer that contained child pornography, and that he sold child and adult pornography from websites on his computer. She further stated that she had witnessed Lovvorn viewing child pornography over the past several years, and that she had witnessed him masturbating while viewing child pornography. She had even witnessed him viewing child pornography when their minor child was present. These stated facts, along with Narbay's sworn affidavit confirming these facts, supported the state judge's conclusion that there was a fair probability child pornography would be found on Lovvorn's computer. *See Brundidge*, 170 F.3d at 1352.

Moreover, and contrary to Lovvorn's argument, the evidence in support of the search warrant was not stale. The information presented to the state judge was no more than nine to twelve months old, and at the time Investigator Knowles presented the search warrant application and affidavit, he believed that the information was no more than one day old. Narbay told Investigator Knowles that Lovvorn looked at pornography throughout their marriage, and that every time she saw him looking at pornography it was of young girls below the age of 18. Files on a computer are less likely than other types of contraband to disappear over time and can often be recovered even if they are deleted. *See United States v. Sarras*,

4

575 F.3d 1191, 1197, 1203 (11th Cir. 2009) (describing how forensic investigators recovered images of child pornography from a laptop hard drive that were previously deleted).  Based on the maturity of the information, the habits of the accused, and the character of the items sought, the evidence in support of the search warrant had not gone stale.  *Harris*, 20 F.3d at 450.

**AFFIRMED.**