**WHOLE COURT**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 21, 2014**

# In the Court of Appeals of Georgia

A14A0979. SHIRLEY v. THE STATE.

RAY, Judge.

After a Gwinnett County grand jury indicted Michael Scott Shirley on 17 counts of sexual exploitation of children (OCGA § 16-12-100), he filed a motion to suppress. The trial court denied Shirley's motion, and we granted his interlocutory appeal. Shirley contends that the trial court erred in denying his motion because the warrant affidavit and application were not supported by probable cause and because the information supporting the warrant was stale. For the reasons that follow, we affirm.

Viewing the evidence to uphold the trial court's findings and judgment, *Henson v. State*, 314 Ga. App. 152, 153 (723 SE2d 456) (2012), the record shows that on January 20, 2011, the Federal Bureau of Investigation's Safe Child Task Force

("FBI") received information from an investigation by German authorities regarding a web site used to distribute child pornography. The German authorities identified several internet protocol ("IP") addresses, including one from which 150 full- and thumbnail-sized image files had been accessed on July 22, 2009. In response to a federal administrative subpoena, AT&T Internet Services identified the IP address from which the images had been accessed as belonging to Shirley and located at a particular residential address. On February 18, 2011, two police officers, including the one who signed the warrant affidavit, attempted to make contact with Shirley at that address, but received no answer. They left a business card, and later that evening, Shirley left two voicemail messages for one of the officers. On February 21, 2011, Shirley came to the Lawrenceville police department for an interview. He asked that his wife not be interviewed because of her stress level. During the interview, Shirley stated that he did not look at pornography on the internet, and that he had one desktop computer and one laptop that he had purchased for his son.[1] When asked about his

---

[1] The affidavit indicates that the laptop was purchased after the date on which the images allegedly were accessed. When executing the warrant, the police seized, among other things, two laptop computers, a desktop computer, and a number of diskettes, ZIP drives, CDs and DVDs.

knowledge of someone accessing a German website to view child pornography, he invoked his right to remain silent until he could speak with an attorney.

In the search warrant affidavit, the officer listed "Possession Of Child Pornography" pursuant to OCGA § 16-12-100 (b) (8) as the offense at issue, described the role of the computer as an instrumentality for obtaining and storing child pornography, and sought a warrant for Shirley's residence, including any computers and electronic devices that could possibly contain child pornography. The magistrate indicated on the face of the warrant that she did not consider the officer's oral testimony in granting the warrant. The warrant was sworn, issued, and executed on February 21, 2011. Shirley filed a motion to suppress, which the trial court denied. This appeal followed.

In *State v. Palmer*, 285 Ga. 75 (673 SE2d 237) (2009), our Supreme Court described the standards applicable to the various levels of judicial scrutiny involved in the warrant process. A magistrate determines if probable cause exists to issue a warrant by making

> a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before [her], including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a

3

particular place. The trial court may then examine the issue as a first level of review, guided by the Fourth Amendment's strong preference for searches conducted pursuant to a warrant, and the principle that substantial deference must be accorded a magistrate's decision to issue a search warrant based on a finding of probable cause. . . . Our appellate courts will review the search warrant to determine the existence of probable cause using the totality of the circumstances analysis. . . . [and] to determine if the magistrate had a substantial basis for concluding that probable cause existed to issue the search warrant. . . . In reviewing the trial court's grant or denial of a motion to suppress, we apply the well-established principles that the trial court's findings as to disputed facts will be upheld unless clearly erroneous and the trial court's application of the law to undisputed facts is subject to de novo review, keeping in mind that a magistrate's decision to issue a search warrant based on a finding of probable cause is entitled to substantial deference by a reviewing court.

(Citations and punctuation omitted.) Id. at 77-78. Applying this standard, we move to Shirley's arguments in support of his enumerations of error.

1. Shirley asserts that the trial court erred in denying his motion to suppress because the police officer's affidavit and application were legally insufficient to establish probable cause to show that the images in question were illegal child pornography. Specifically, Shirley argues that the magistrate relied on the officer's conclusion that the images showed child pornography without using independent

4

facts to evaluate that conclusion. He contends that the affidavit did not describe the images and that there is no indication whether the officer viewed the images.[2]

Georgia has so far not directly addressed the issue of what type of information provides a substantial basis for granting a warrant in the context of child pornography. Thus, we turn to persuasive authority in our circuit and in other jurisdictions for guidance. First, we find no requirement in our state law or in our circuit that a judge who reviews a search warrant application must actually view the images that allegedly show child pornography.[3] See *United States v. Smith*, 459 F.3d 1276, 1291 (III) (B), n. 15 (11th Cir. 2006) ("While it may have been prudent for the magistrate judge to view the photos [of alleged child pornography] independently, we cannot say that, as a matter of law, the court must view the evidence to determine whether probable cause existed.")

---

[2] Shirley also argues that there is no indication as to which jurisdiction's law the images violated. However, the affidavit clearly states that there is probable cause to believe that crimes have been committed in violation of OCGA § 16-12-100 (b) (8). Shirley's motion to suppress, while decrying the conclusory nature of the affidavit, nonetheless concedes that the affidavit identifies the images as child pornography under OCGA § 16-12-100. This contention is without merit.

[3] In an unreported decision, one district court stated as much: "There is no requirement in this Circuit that a judge reviewing a search warrant application must examine the images reflecting alleged child pornography." (Citation omitted.) *United States v. Wilson*, 2012 WL 7992597 *8 (III) (A) (N.D. Ga. 2012).

Second, although ideally an affidavit would, inter alia, describe the images, other circuits have held that an affidavit using the generalized description "child pornography" may offer "sufficient indicia of probable cause to issue a warrant . . . in that the meaning of the term 'child pornography' and its illegality were sufficiently conveyed so that the judge understood what *type* of evidence was required." *United States v. Simpson*, 152 F.3d 1241, 1246-1247 (II) (A) (10th Cir. 1998) (emphasis in original) (finding probable cause where affiant gave judge no copies of unlawful materials and did not describe materials in detail). This is so because the words 'child pornography' "need no expert training or experience to clarify their meaning." (Citation and punctuation omitted; emphasis omitted.) *United States v. Layne*, 43 F.3d 127, 133 (5th Cir. 1995) (warrants seeking "assorted pornographic videotapes; assorted pornographic magazines; assorted devices" and "[c]hild pornography; records of victims; drawings; pictures; computer disks; sexual devices; videotapes; child abuse books; magazines; audiotapes; and any other obscene or child pornographic material" found sufficient to limit officers' discretion). Id. at 132-133. Accord *United States v. Hurt*, 808 F.2d 707, 708 (9th Cir. 1987), cert. denied, *Hurt v. United States*, 484 U. S. 816 (108 SCt 69, 98 LE2d 33) (1987) (warrant commanding officers to search for material showing minors "engaged in sexually

6

explicit activity" found sufficient). Further, "[t]he term[] 'child pornography' . . . [is] not so uncertain as to make the warrant defective[.] . . . The Constitution requires no greater precision." (Citations omitted.) *United States v. Koelling*, 992 F.2d 817, 822 (II) (A) (8th Cir. 1993). See also *United States v. Grant*, 434 F.Supp.2d 735, 746-747 (III) (D. Neb. 2006), affirmed *United States v. Grant*, 490 F.3d 627, 631-633 (8th Cir. 2007) (computer repairman's statement that he saw child pornography on computer he was fixing was sufficient to establish probable cause).

As Shirley points out, other circuits have taken a different approach. Compare *United States v. Pavulak*, 700 F.3d 651, 657 (I) (A); 660-665 (II) (3d Cir. 2012) (finding the words "child pornography" inadequate to support probable cause, but declining to suppress the information because officers relied on the warrant in good faith); *United States v. Brunette*, 256 F.3d 14, 17-18 (A) (1st Cir. 2001) (requiring either that a magistrate view the images or receive a detailed factual description).

We, however, are persuaded by the reasoning of the Fifth, Eighth, Ninth, Tenth, and Eleventh Circuits as outlined above. "Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by

7

the preference to be accorded to warrants." (Citation omitted.) *Palmer*, supra at 77-78. The affidavit was supported by probable cause.

Finally, it is well settled that an officer may rely on hearsay information in his affidavit.

> Hearsay and even hearsay upon hearsay may be sufficient to furnish the basis for the issuance of a valid warrant if the magistrate is informed of some of the underlying circumstances supporting the affiant's underlying conclusions and his belief that the informant was credible or his information reliable. There must be a substantial basis for crediting such hearsay.

(Citation and punctuation omitted.) *Cochran v. State*, 281 Ga. 4, 5-6 (635 SE2d 701) (2006). Here, the magistrate was informed of the circumstances supporting the officer's conclusions. The affidavit states that the officer relied on information from the FBI, which had received a tip from German authorities about images accessed from a website used to distribute child pornography between certain delineated hours on July 22, 2009. The officer also relied on responses to a federal administrative subpoena issued to AT&T seeking information about the IP address "during this time frame" – that is, the time frame during which the images were accessed. The information provided in response to the subpoena showed that the IP address was

registered to Shirley's home address. See *Buckley v. State*, 254 Ga. App. 61, 62 (561 SE2d 188) (2002) (hearsay statements from the German National Police and a U.S. Customs agent could serve as a foundation for probable cause based on the presumption that a government agent is reliable). See also *Manzione v. State*, 312 Ga. App. 638, 638-642 (719 SE2d 533) (2012) and *James v. State*, 312 Ga. App. 130, 133-135 (a) (717 SE2d 713) (2011) (both finding probable cause to support warrants even where affiants who relied on multiple levels of hearsay failed to independently confirm reports or informants' identities, because the informants worked for internet service providers with statutory duty to report child pornography and thus were equivalent to law-abiding concerned citizens with preferred credibility status). While the officer in the instant case "could have done a more thorough job investigating the information" he received, *James*, supra at 134-135 (a), he was entitled to credit the FBI's report. *Buckley*, supra., "[C]onsidering the totality of the circumstances, the agent's affidavit provided the issuing judge a substantial basis for concluding that probable cause existed sufficient to issue the search warrant for [Shirley's] residence." (Footnote omitted.) *Manzione*, supra at 642.

2. Shirley next argues that the trial court erred in denying his motion to suppress because the warrant affidavit and application were not supported by probable cause

showing that Shirley knowingly "possessed" or accessed images that were child pornography.

In making such an argument, Shirley apparently wishes to equate the standard required for probable cause for a search warrant with the standard required for conviction of the crime itself.[4] This is incorrect. A magistrate does not analyze the information in a warrant affidavit using the "beyond a reasonable doubt" standard, but rather makes a common-sense decision whether, given all the circumstances set forth in the affidavit, a *"fair probability"* exists that evidence will be found in a particular place. *Palmer*, supra at 77. Further, "[a]n officer's inference that items sought will be at the place to be searched requires no more than a 'fair presumption' to be reasonable." (Footnote omitted.) *Buckley*, supra at 62. Here, the officer who applied for the warrant received information from the FBI that images of child pornography had been accessed from a German website by a computer associated with an IP address registered to Shirley's home address. This presented a "fair probability" that the information would be found at Shirley's address. The trial court did not err.

---

[4] Shirley's citation to *Barton v. State*, 286 Ga. App. 49 (648 SE2d 660) (2007), is inapt, as that case deals with the sufficiency of the evidence needed to convict a defendant of sexual exploitation of children, rather than the standard used to evaluate a motion to suppress. See also *New v. State*, 327 Ga. App.87 (755 S.E.2d 568) (2014), which limits the effect of the holding in *Barton v. State*.

3. Finally, Shirley contends that the 19-month delay between when the images were accessed and the application for the search warrant meant the information was stale, thus negating probable cause. He argues that the images may only have been viewed and temporarily saved to a cache, rather than downloaded and permanently saved. In assessing whether the items and information sought by a search warrant are stale, the magistrate views the "totality of the circumstances for indications of the existence of reasonable probability that the conditions referred to in the sworn testimony would continue to exist at the time of the issuance of the search warrant." (Punctuation and footnote omitted.) *Buckley*, supra at 62. "[T]he mere passage of time does not equate with staleness." (Footnote omitted.) Id.

Here, the affidavit stated that the warrant would seek computer and electronic equipment, including stored data and backup tapes, and various diskettes and hard drives, as well as programs used for storage. The affidavit also particularly mentioned child pornographers' preference to store and "generally maintain" images of child pornography in electronic format, and their propensity to hide, encrypt, or password protect their images. We have specifically held as to a warrant that sought a "computer, computer parts and hard drives containing media and images of sexually explicit material . . . or stored files which may be found on a computer[,]" that "the

11

items sought here were not perishable, consumable, or disposable, and therefore were unlikely to be affected by the passage of time." (Punctuation and footnotes omitted) *Birkbeck v. State*, 292 Ga. App. 424, 433-434 (6) (665 SE2d 354) (2008), disapproved on other grounds by *State v. Gardner*, 286 Ga. 633, 634 (690 SE2d 164) (2010). See also *United States v. McBurnette*, 382 Fed. Appx. 813, 815 (11th Cir. 2010) (warrant seeking videos of child pornography related to crime that occurred two years previously was not stale).

Even supposing that the images were viewed and cached, rather than downloaded, they still would have been retrievable for a time. "Files on a computer are less likely than other types of contraband to disappear over time[.]" *United States v. Lovvorn*, 524 Fed. Appx. 485, 487 (11th Cir. 2013). Based on the character of the evidence sought, and the officer's affidavit indicating the propensity of those using child pornography to store, save, and hide their information, the warrant was not based on stale information. The trial court did not err.

*Judgment affirmed. Andrews, P. J., Doyle, P.J., Boggs and Branch, JJ., concur. Barnes, P.J., and McFadden, J., dissent.*

12

A14A0979.  SHIRLEY v. THE STATE.

BARNES, Presiding Judge, dissenting.

The warrant affidavit in this case alleged only two things to establish probable cause: (1) that the FBI received a lead from unnamed German authorities who had identified several Internet Protocol addresses from which image files were accessed on a website used "to distribute Child Pornography," and (2) that one of these addresses belonged to an account owned by Shirley. The affiant did not indicate that he had viewed the images, did not include any images or descriptions, and did not include any other facts that would indicate that the images accessed on the website constituted child pornography. Because the affidavit was legally insufficient to establish probable cause that the images were child pornography, the trial court erred in denying Shirley's motion to suppress. Therefore, I must respectfully dissent.

It is true that

> [t]he magistrate's task in determining if probable cause exists to issue a search warrant is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

(Citations and punctuation omitted.) *State v. Palmer*, 285 Ga. 75, 77 (673 SE2d 237) (2009). Nevertheless, while "affidavits for search warrants must be tested and interpreted by magistrates and courts in a common-sense and realistic fashion, this is not to say that probable cause can be made out by affidavits which are purely conclusory[.]" (Citation and punctuation omitted.) *Willoughby v. State*, 315 Ga. App. 401, 403 (727 SE2d 194) (2012). In other words, a warrant affidavit "should contain more than a conclusory statement which gives the magistrate virtually no basis at all for making an independent judgment regarding the existence of probable cause." *Dobbins v. State*, 262 Ga. 161, 163 (3) (415 SE2d 168) (1992).

When these basic principles are applied in the context of an application for a warrant to search for child pornography, I agree with those federal courts that have held that "a magistrate must be able to independently evaluate whether the contents

2

of the alleged images meet the legal definition of child pornography." *United States v. Pavulak*, 700 F3d 651, 661 (3d Cir. 2012). See *United States v. Brunette*, 256 F3d 14, 17-18 (1st Cir. 2001). The affiant's use of the conclusory label "child pornography" in a warrant affidavit when referring to the alleged images is simply not enough. See id. As the United States Court of Appeals for the Third Circuit has explained, a magistrate's independent evaluation regarding whether the images are child pornography

> can be accomplished in one of three ways: (1) the magistrate can personally view the images; (2) the search-warrant affidavit can provide a "sufficiently detailed description" of the images; or (3) the search-warrant application can provide some other facts that tie the images' contents to child pornography.

(Citations omitted.) *Pavulak*, 700 F3d at 661. The third category would include, for example, tying the images at issue to computer files, web pages, or Internet chat rooms with names indicative of child pornography. See, e.g., *United States v. Borowy*, 595 F3d 1045, 1049 (9th Cir. 2010) (noting that "the file names for at least five of the files were explicitly suggestive of child pornography"); *United States v. Simpson*, 152 F3d 1241, 1246 (10th Cir. 1998) (affidavit indicated that undercover agent encountered

3

defendant "in an Internet chat room designated as '# sexpicshare # % % kidssexpics'").

In the present case, the magistrate did not personally review any images of alleged child pornography, the warrant affidavit did not provide any description whatsoever of the images, and the warrant affidavit provided no other facts tying the images to child pornography. Instead, the warrant affidavit simply stated that a computer with an Internet Protocol address assigned to Shirley was used to download "full and thumbnail size image files" from a website "which was used to distribute Child Pornography." This conclusory allegation employing the label "child pornography "without any details about what the images depict or any other connection to child pornography[,] is beyond the outer limits of probable-cause territory." *Pavulak*, 700 F3d at 663. Consequently, the warrant affidavit was legally insufficient to establish probable cause to show that the images in question were child pornography, and the trial court erred in concluding otherwise. Hence, I would reverse the trial court's denial of Shirley's motion to suppress.

I am authorized to state that Judge McFadden joins in this dissent.