In the Supreme Court of Georgia

Decided: September 14, 2015

S15G0671. SHIRLEY v. THE STATE.

MELTON, Justice.

In Shirley v. State, 330 Ga. App. 424 (765 SE2d 491) (2014), the Court of Appeals affirmed the trial court's denial of Michael Scott Shirley's motion to suppress images of child pornography seized from his home. The Court of Appeals found that, contrary to Shirley's arguments, the application for a search warrant filed by police was supported by probable cause. For the reasons set forth below, we reverse.

As found by the Court of Appeals,

the record shows that on January 20, 2011, the Federal Bureau of Investigation's Safe Child Task Force ("FBI") received information from an investigation by German authorities regarding a web site used to distribute child pornography. The German authorities identified several internet protocol ("IP") addresses, including one from which 150 full and thumbnail-sized image files had been accessed on July 22, 2009. In response to a federal administrative subpoena, AT & T Internet Services identified the IP address from which the images had been accessed as belonging to Shirley and located at a particular residential address. On February 18, 2011,

two police officers, including the one who signed the warrant affidavit, attempted to make contact with Shirley at that address, but received no answer. They left a business card, and later that evening, Shirley left two voicemail messages for one of the officers. On February 21, 2011, Shirley came to the Lawrenceville police department for an interview. He asked that his wife not be interviewed because of her stress level. During the interview, Shirley stated that he did not look at pornography on the internet, and that he had one desktop computer and one laptop that he had purchased for his son. When asked about his knowledge of someone accessing a German website to view child pornography, he invoked his right to remain silent until he could speak with an attorney. In the search warrant affidavit, the officer listed "Possession Of Child Pornography" pursuant to OCGA § 16–12–100 (b) (8) as the offense at issue, described the role of the computer as an instrumentality for obtaining and storing child pornography, and sought a warrant for Shirley's residence, including any computers and electronic devices that could possibly contain child pornography. The magistrate indicated on the face of the warrant that she did not consider the officer's oral testimony in granting the warrant. The warrant was sworn, issued, and executed on February 21, 2011. Shirley filed a motion to suppress, which the trial court denied.

(Footnote omitted.) Id. at 424-425. The Court of Appeals affirmed the trial court, finding that the affidavit supporting the application for the warrant was sufficient because "child pornography" needs no further description to be understood. We disagree.

To properly consider this case, we must carefully look at the actual language contained in the affidavit accompanying the warrant application. In

2

relevant part, it conveyed the following information to the magistrate:

> On January 20, 2011, information was received as a lead by the Federal Bureau of Investigations Safe Child Task Force, of an investigation by the German authorities in reference to a website that they located which was used to distribute Child Pornography. During their investigation[,] several IP addresses were captured, along with files that were accessed on the site. . . . A review of the connections for the IP address [associated with Shirley] showed that 150 full and thumbnail size images had been accessed. . . . [W]hen asked of his knowledge of someone accessing a German website for the purpose of Child Pornography, Mr. Shirley invoked his privilege to remain silent until he can speak to an attorney.

This information, standing alone, was insufficient to enable a magistrate to determine that probable cause existed to search Shirley's home.

> It is well-settled that a

> magistrate's task in determining if probable cause exists to issue a search warrant is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. Our duty in reviewing the magistrate's decisions in this case is to determine if the magistrate had a "substantial basis" for concluding that probable cause existed to issue the search warrants. A magistrate's decision to issue a search warrant based on a finding of probable cause is entitled to substantial deference by a reviewing court. . . . Even doubtful cases should be resolved in favor of upholding a magistrate's determination that a warrant is proper.

3

(Citations and punctuation omitted.) <u>Sullivan v. State</u>, 284 Ga. 358, 360-361 (2) (667 SE2d 32) (2008). An affidavit must allow a magistrate to make an independent determination of probable cause based upon facts, and wholly conclusory statements will not suffice.

The affidavit quoted above is rife with issues. As an initial matter, it implies that information was received by the FBI from German authorities; however, the name(s) or type(s) of German authorities is not provided. There is no way of knowing where the information originated. Similarly, an FBI Task Force is named as a source, but there is no detailed description of what that task force did, if anything, with the information from German authorities other than passively relaying it to Georgia police. Exacerbating the level of uncertainty, the affidavit merely states that the unknown German authorities identified a website "used to distribute Child Pornography." There is no way to determine whether the German authorities in issue used German law to classify the contents of the website or whether it used some other law or definition. In any event, there is absolutely no indication that the nebulous German authority analyzed the website with regard to United States and/or Georgia law in order to determine whether the undescribed pictures accessed by Shirley's IP address contained

4

"child pornography" as defined in these domestic jurisdictions. This is highly problematic, as there is no indication that anyone, other than the nebulous German authorities, actually viewed any part of the website in question.

In affirming the denial of Shirley's motion to suppress, the Court of Appeals relied on the idea that the inclusion of the term "child pornography" may, in and of itself, offer "sufficient indicia of probable cause to issue a warrant . . . in that the meaning of the term 'child pornography' and its illegality were sufficiently conveyed so that the judge understood what *type* of evidence was required." Shirley, supra, 330 Ga. App. at 427 (1), quoting United States v. Simpson, 152 F3d 1241, 1247 (II) (A) (10th Cir.1998) (emphasis in original). Even if we were to adopt this type of standard in Georgia, a decision that is not required today, there is no indication that the FBI did anything other than simply act as a conduit for the German authorities. Certainly, if there were some indication in the application that the FBI had separately viewed the website in question and confirmed its contents as containing "child pornography," or at least some reliable source had provided a description of the pictures contained on the website, this case might have a different result.

As it is, however, the warrant application is insufficient to support

probable cause, and the trial court should have granted Shirley's motion to suppress.

Judgment reversed. All the Justices concur.