**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 24, 2024**

# In the Court of Appeals of Georgia

A24A0583. HARRIS v. THE STATE.

MCFADDEN, Presiding Judge.

Edvado Harris appeals from a trial court order denying his motion to suppress evidence obtained from his automobile pursuant to a search warrant. Because the affidavit upon which the warrant was based failed to establish probable cause for the search, we reverse the denial of the motion to suppress.

1. *Facts and procedural posture*

Harris and Darian Barker were involved in a two-car collision resulting in the death of a passenger in Harris' car. A Georgia State Patrol Trooper applied for and obtained search warrants allowing officers to download data from the Electric Control

Module ("ECM") in each vehicle. The ECM data retrieved from Harris's car showed that at the time of the collision, his car was traveling approximately 70 miles per hour.

In a single indictment, Harris and Barker were each charged with multiple offenses. Harris was charged with vehicular homicide for causing a death by recklessly driving 70 miles per hour in a 35 miles per hour zone; reckless driving; speeding; no proof of insurance; failure to wear a safety belt; and driving with a suspended vehicle registration. Barker was charged with vehicular homicide for a hit and run violation in that he fled from the scene of the deadly collision; vehicular homicide by causing a death while driving under the influence of alcohol; hit and run; driving under the influence of alcohol; failure to yield the right of way; and driving without a license.

Harris filed a motion to suppress evidence obtained from his vehicle's ECM, arguing that the affidavit on which the warrant was based failed to establish probable cause for the search. After a hearing, the trial court denied the motion, but issued a certificate of immediate review. Harris applied for interlocutory review, we granted the application, and this appeal followed.

2. *Search warrant*

"[A] physical intrusion into a personal motor vehicle for the purpose of obtaining information for a law enforcement investigation generally is a search for purposes of the Fourth Amendment[.]" *Mobley v. State*, 307 Ga. 59, 66 (2) (834 SE2d 785) (2019). "The Fourth Amendment evinces a strong preference for searches conducted pursuant to a warrant." Id. at 67 (3) (citation and punctuation omitted).

> In Georgia, a search warrant shall only issue upon facts sufficient to show probable cause that a crime is being committed or has been committed. OCGA § 17-5-21 (a). The magistrate's task in determining if probable cause exists to issue a search warrant is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*State v. Black*, 370 Ga. App. 18, 21-22 (1) (893 SE2d 517) (2023) (citation and punctuation omitted).

In this case, the trooper's affidavit alleged that an inspection of Harris's vehicle "would sho[w] any causation factors in this collision" involving a violation of OCGA § 40-6-393 (b), which prohibits a driver from leaving the scene of an accident which caused the death of another. The affidavit then claimed that the following facts established probable cause that a crime had been committed:

> On Saturday, February 10, 2018 at approximately 8:12 P.M., a two vehicle crash occurred on Southerfield Road at its intersection with

Mayo Street in Americus. A 2007 Toyota Scion[, Barker's vehicle,] was traveling north on Southerfield Road, attempting to make a left turn on to Mayo Street. A 2009 Cadillac[, Harris's vehicle,] was traveling south on Southerfield Road as the Toyota was attempting to make its left turn on to Mayo Street. The Toyota struck the Cadillac on the left side. The area of impact was in the southbound lane of Southerfield Road. The Cadillac traveled to the right and off the north shoulder of Mayo Road and overturned and struck a utility pole. A back seat passenger in the Cadillac succumbed to his injuries from the crash. The Toyota traveled off the south shoulder of Mayo Road and came to a final rest on the south shoulder of Mayo Road facing south. The driver of the Toyota fled the scene after the crash.

Based on the affidavit, a magistrate court judge issued the search warrant for Harris' car, including permission to download data from the car's ECM. In the search warrant, the magistrate found that a vehicle inspection would show causation factors for the collision, cited the alleged violation of OCGA § 40-6-393 (b) for leaving the scene of the accident, and concluded that there was probable cause to believe that a crime had been committed.

On appeal, we "review the search warrant to determine the existence of probable cause using the totality of the circumstances analysis. The duty of the appellate court[] is to determine if the magistrate had a 'substantial basis' for concluding that probable cause existed to issue the search warrant." *Black*, supra at 22 (1) (citation omitted). In making such a determination, "we look at the

4

circumstances as they existed when the search warrant was issued, and whether the defendant will be ultimately found to have been engaging in criminal activity is of no consequence for purposes of our analysis, which is grounded in the safeguards afforded by the Fourth Amendment." Id. (citation and punctuation omitted).

Here, given the circumstances as they existed when the search warrant was issued, we find that the magistrate did not have a substantial basis for concluding that probable cause existed to issue the search warrant for Harris's car. The trooper's affidavit set forth no facts indicating that Harris had committed a crime or traffic offense. The only facts relating to Harris in the affidavit were that Barker made a left turn and collided with Harris's Cadillac in the southbound lane in which Harris was traveling, that the Cadillac was forced off the road and overturned, and that a passenger died in the accident. The only crime referenced in the affidavit was vehicular homicide for leaving the scene of the accident, but the affidavit alleged only that Barker, not Harris, had fled from the scene. Indeed, at the motion to suppress hearing, the trooper testified that the inspection of Harris's Cadillac, including retrieval of data from the ECM, was done because Barker had left the scene of the accident.

We note that at the suppression hearing, the trooper also testified that he had been advised that another trooper smelled alcohol on Harris's person after the collision. But the trooper did not include any such information in his affidavit and there is no evidence that the trooper otherwise informed the magistrate of such an allegation. "The (magistrate) may consider oral testimony as well as the affidavit in issuing a search warrant." *Whatley v. State*, 335 Ga. App. 749, 752 (1) (782 SE2d 831) (2016) (citation and punctuation omitted). Indeed, "[t]he well-established rule permits consideration of evidence concerning oral testimony provided to the magistrate." *Gibson v. State*, 223 Ga. App. 103, 104 (2) (476 SE2d 863) (1996).

But where, as here, there is no evidence that the magistrate was provided with any oral testimony about an alleged odor of alcohol, we consider only the information set forth in the affidavit upon which the magistrate's probable cause finding was made. See *Black*, supra (we consider the circumstances as they existed when the search warrant was issued). Since the trooper's affidavit on which the search warrant for Harris's car was based was "insufficient to support probable cause, . . . the trial court should have granted [Harris's] motion to suppress." *Shirley v. State*, 297 Ga. 722, 725 (777 SE2d 444) (2015).

    *Judgment reversed. Mercier, C. J., and Rickman, J., concur.*